RECEIVED

MAR 24 2004

# Renzullo & Associates Law Office

65 Elm Street, P. O. Box 718
Winsted, Connecticut 06098-0718

Patsy M. Renzullo
Timothy Fetzer

Telephone 860-379-9885
Telefax    860-738-4906

TO: Clerk, U.S. District Court
915 Lafayette Blvd.
Bridgeport, CT  06604

DATE:  3/23/04

RE: Love v. Town of Granby
DN:  302CV1960(JCH)

Enclosed:   ( ) Copy of recent correspondence from

( ) Copy of my letter to

( ) Copy of pleading filed by opposing counsel

( ) Copy of pleading filed on your behalf

(x) Other:  Exhibit A

( ) Document for signature, return in enclosed self-addressed envelope

( ) Please telephone me at your earliest convenience

( ) Please schedule an appointment upon receipt of this letter

( ) Depositions have been scheduled at the date, place and time and of those individuals listed below

( ) A hearing has been scheduled in your case on the date, time and place and in regard to the matter noted below

COMMENTS:

We inadvertently failed to attach Exhibit A to our Motion for Immediate Inspection and Motion to Restrain Destruction or Tampering dated March 19, 2004.

TOWN OF GRANBY
DEPARTMENT OF POLICE SERVICES

MEMORANDUM

TO:     File

FROM:   Capt. David Watkins

DATE:   February 16, 2000

RE:     Citizen Complaint


On 02-16-00 this officer was contacted by Clinton Perry. Perry was concerned regarding a motor vehicle stop conducted by P/O Clark on 02-15-00. Perry stated that P/O Clark stopped Perry on Salmon Brook Street and issued a written warning for an emissions violation and a verbal warning for a seat belt violation.

Perry stated that he had no problem with the emissions warning. He was however, upset over what he perceived as P/O Clark's threatening demeanor during the contact. This specifically dealt with a comment regarding the wearing of seal belts and "I'll be looking for you".

Perry stated that he has had multiple contacts with officers from this department and never had the same concern of a threat, despite receiving previous warnings and tickets. Perry felt that P/O Clark should be counseled regarding comments to the public.

At approximately 15:13 hours on 02-16-00 this officer spoke with P/O Clark regarding the above. P/O Clark stated that he had not made the comment cited by Perry but instead had informed Perry that P/O Clark would be conducting seat belt checks in the next week so Perry should wear his seat belt.

P/O Clark was advised that this was the third instance wherein a person had contacted the department in regards to P/O Clark's demeanor during a traffic stop. P/O Clark was directed to follow the instructions on the cover of the Infraction Complaint and Misdemeanor Summons books on how to initiate contact with a motorist and to avoid ancillary conversation. It was also suggested that P/O Clark think of the impact of any comments from the perspective of the motorist.

P/O Clark was reminded that a vehicle stop is a time of angst for the motorist and therefore the motorist may easily misconstrue comments.

P/O Clark was advised that the number and quality of his motor vehicle enforcement was excellent and that he should not decrease his actions based on this counseling session. P/O Clark expressed his concern that by the nature of the stop he might receive negative comments from contacts. This officer agreed with that statement but reinforced that if the manner of delivery is professional without ancillary comments then it is an easy matter to respond to complaints about the level of enforcement action taken.

P/O Clark stated that he would work to avoid ancillary contacts during his motor vehicle stops.