**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| SEAN A. LOVE | : | CASE NO. 302CV1960(EBB) |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| TOWN OF GRANBY, DOUGLAS CLARK | : | |
| and ROBERT CASTLE | : | |
| Defendants | : | MAY 12, 2004 |

<u>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'**</u>
<u>**MOTION FOR SUMMARY JUDGMENT**</u>

I.    <u>**INTRODUCTION**</u>

Pursuant to the Local Rules of Civil Procedure, Rule 9 (a), the Defendants,

Town of Granby, Douglas Clark and Robert Castle, hereby submit this Memorandum of

Law in Support of Defendants' Motion for Summary Judgment.  The Defendants submit

that they are entitled to judgment as a matter of law on the Plaintiff's false arrest and

false imprisonment claims under 42 U.S.C. § 1983 and the Fourth and Fourteenth

Amendments to the United States Constitution.  The Defendants further submit that the

court should decline to exercise pendent jurisdiction on the Plaintiff's state law claims.

II.    <u>**FACTS**</u>

The Plaintiff, Sean A. Love, filed a Complaint, dated November 6, 2002, against

the Defendants, the Town of Granby and Granby Police Officers Douglas Clark and

Robert Castle.  The Plaintiff subsequently filed an Amended Complaint, dated January

20, 2003, alleging numerous causes of action against the Town of Granby, Officer Clark

and Officer Castle, including causes of action under 42 U.S.C. § 1983[1] for violations of

his Fourth[2] and Fourteenth[3] Amendment Rights; false arrest; false imprisonment; sexual

assault; and battery.

The Plaintiff's claims arise out of the following facts.  On November 11, 2000, at

approximately 21:29 hours, the Plaintiff, who was eighteen (18) years old, was

operating a motor vehicle traveling eastbound on East Granby Road in Granby,

Connecticut.  Exhibit A, Police Report.  Officer Clark, from the Granby Police

Department, was on-duty, monitoring traffic at the intersection of East Granby Road and

Park Place.  Exhibit B, Affidavit of Clark.  The Plaintiff passed Officer Clark, and Officer

Clark observed that the Plaintiff's motor vehicle had inoperable tail lamps.  Exhibit A,

---

[1] 42 U.S.C. § 1983 provides in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ."  42 U.S.C.A. § 1983

[2] The Fourth Amendment states: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S.C. Const. Amend. IV.

[3] The Fourteenth Amendment provides in relevant part: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S.C.A. Const. Amend. XIV.

SILVESTER & DALY
72 RUSS STREET • HARTFORD, CONNECTICUT 06106 • (860) 278-2650 • FAX (860) 727-9243

Police Report; Exhibit B, Affidavit of Clark.  As a result, Officer Clark affected a motor

vehicle stop.  Exhibit B, Affidavit of Clark.  While the stop was occurring, Officer Clark

observed furtive movements of the occupants in the motor vehicle.  Exhibit A, Polcie

Report.  Officer Clark also noticed both rear passengers bend forward as if to reach for

or conceal an item underneath the front seat.  Exhibit A, Police Report; Exhibit B,

Affidavit of Clark.

      After stopping the motor vehicle, Officer Clark approached the motor vehicle to

speak with the Plaintiff.  Exhibit B, Affidavit of Clark.  At that point, Officer Castle arrived

at the scene.  Exhibit A, Police Report.  Officer Castle got out of his patrol car and

assumed position, approximately fifteen (15) feet away from the Plaintiff's motor vehicle.

See Exhibit C, Deposition of Castle, page 36.

      While Officer Clark was taking with the Plaintiff he observed that the Plaintiff

appeared extremely nervous.  Exhibit A, Police Report.  The Plaintiff apologized to

Officer Clark repeatedly and stated that a fuse must have blown.  Exhibit A, Police

Report.  Officer Clark used a flashlight to look in the motor vehicle.  Exhibit B, Affidavit

of Clark.  While looking inside of the motor vehicle he noticed several bottles of

alcoholic beverages.  Exhibit B, Affidavit of Clark.  The bottles were still cold, and Officer

Clark could see condensation on the bottles.  Exhibit B, Affidavit of Clark.  The bottles

SILVESTER & DALY
72 RUSS STREET • HARTFORD, CONNECTICUT 06106 • (860) 278-2650 • FAX (860) 727-9243

were hidden underneath the seats. Exhibit B, Affidavit of Clark. Officer Clark then

asked the Plaintiff to step outside of the motor vehicle and Officer Clark performed a

Terry pat down of the Plaintiff. Exhibit B, Affidavit of Clark. Officer Clark observed

alcohol on the Plaintiff's breath and smelled marijuana on the Plaintiff. Exhibit B,

Affidavit of Clark. The Plaintiff told Officer Clark that he had used marijuana about one

(1) to two (2) hours earlier. Exhibit B, Affidavit of Clark. Officer Clark performed a

Horizontal Gaze Nystagmus test on the Plaintiff and noticed that the Plaintiff's eyes

lacked smooth pursuit. Exhibit B, Affidavit of Clark. The Plaintiff admitted drinking

alcoholic beverages prior to the stop. Exhibit A, Police Report; Exhibit B, Affidavit of

Clark.

 The Plaintiff was subsequently handcuffed and charged with Possession of

Alcohol by a Minor, General Statutes §30-89(b)[4]; and Failure to Have Tail Lamps,

General Statutes §14-96c[5]. Exhibit A, Police Report. He was also given a written

warning for Failure to Have Tail Lamp, General Statutes §14-96c; and Possession of

---

[4] General Statutes § 30-89 provides in relevant part: " (b) Any minor who possesses any alcoholic liquor
on any street or highway or in any public place or place open to the public, including any club which is
open to the public, shall be fined not less than two hundred nor more than five hundred dollars." General
Statutes § 30-89.
[5] General Statutes § 14-96c provides in relevant part: "(a) After October 1, 1967, every motor vehicle,
trailer, semitrailer and pole trailer, and any other vehicle which is being drawn at the end of a combination
of vehicles, shall be equipped with at least two tail lamps mounted on the rear . . . ." General Statutes §
14-96c.

Alcohol by a Minor in a Motor Vehicle, General Statutes §14-111a[6]. Exhibit A, Police Report. The Plaintiff was transported to Granby Police Department by Officer Clark and was fingerprinted and processed. Exhibit A, Police Report. He was released later that night on a Five Hundred ($500.00) Dollars non-surety bond. Exhibit A, Police Report.

As a result of the charges, The Plaintiff performed twenty (20) hours of community service in exchange for a nolle. Exhibit D, Plaintiff's Deposition, pg. 44; Exhibit E, Records from Criminal Court.

In the Amended Complaint, the Plaintiff alleges that when he was patted down by Officer Clark, Officer Clark "grabbed plaintiff's crotch and said, 'You haven't been felt like this in a long time, you faggot.'" See Amended Complaint, ¶ 10. After being patted-down, the Plaintiff was transported to the Granby Police Department to be processed. While at the Granby Police Department, the Plaintiff alleges that Officer Clark "threatened to put a wig on the plaintiff and place him in a cell with 'Bubba,' a large man

---

[6] General Statutes § 14-111a provides: "Any person under the legal drinking age operating a motor vehicle, unless accompanied by his parent or guardian, in which a police officer finds alcoholic liquor as defined in section 30-1, may be summoned by such officer to appear at a hearing before the Commissioner of Motor Vehicles, or an agent duly authorized by said commissioner, to show cause why his operator's license should not be revoked. If at such hearing the commissioner or his agent finds that such person knew or had reason to know that alcoholic liquor was in such motor vehicle, he may revoke the operator's license of such person for a period not exceeding sixty days." General Statutes § 14-111a.

SILVESTER & DALY
72 RUSS STREET • HARTFORD, CONNECTICUT 06106 • (860) 278-2650 • FAX (860) 727-9243

supposedly located in the rear of the jailhouse who impliedly would be in a position to sexually assault the plaintiff." Amended Complaint, ¶ 17.

## III.    LAW AND ARGUMENT

### A.    Standard of Review

The court should grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits . . . show that there is no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law." Silver v. City Univ., 947 F.2d 1021, 1022 (2d Cir. 1991). "The moving party bears the initial burden of establishing that no genuine issues of material fact exist and that the undisputed facts show that she is entitled to judgment as a matter of law." Martin v. Rodriguez, 154 F. Sup. 2d 306, 311 (D.Conn. 2001). "In determining whether a genuine issue of material fact exists, a court must resolve all ambiguities and draw all reasonable inferences against the moving party." Id.

Summary judgment is appropriate in cases where qualified immunity is asserted. The goal of qualified immunity is to "avoid excessive disruption of government and permit the resolution of any insubstantial claims on summary judgment." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L.Ed 2d 396 (1982). "Qualified

6

immunity is an entitlement not to stand trial or face the other burdens of litigation."

Saucier v. Katz, 533 U.S. 194, 200, 121 S. Ct. 2152, 150 L. Ed. 2d 272 (2001).  "The

privilege is an immunity from suit rather than a mere defense to liability; and like an

absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial."

Id. at 200-201.  As a result, the court has repeatedly stressed "the importance of

resolving immunity questions at the earliest possible stage in litigation."  Id. at 201.

**B.    The Defendants are entitled to judgment as a matter of law on the
Plaintiff's claim for false arrest because the Plaintiff did not receive a
favorable disposition of the underlying criminal charges**

The Plaintiff brings claims of both false imprisonment and false arrest against the

Defendants.  "In Connecticut, the law applicable to both of these claims is identical.

Outlaw v. City of Meriden, 43 Conn. App. 387, 392, 682 A.2d 1112 (1996). "False

imprisonment, or false arrest, is the unlawful restraint by one person of the physical

liberty of another.  Green v. Donroe, 186 Conn. 265, 267, 440 A.2d 973 (1982)."

(Internal quotation marks omitted.)  Cuba-Diaz v. Town of Windham, 274 F.Supp.2d

221, 230 (D.Conn 2003).

It is well-settled that one of the elements a plaintiff must establish in order to

maintain either a § 1983 action or pendent state claims sounding in false arrest is that

the criminal proceeding at issue be terminated in his/her favor.  See Roesch v. Otorala,

980 F.2d 850, 853 (2d Cir. 1982); Singleton v. City of New York, 632 F.2d 185, 194-95

(2d Cir. 1980), cert. denied 450 U.S. 920 (1981); Konan v. Fornal, 612 F.Supp. 68, 69-

70 (D.Conn. 1985); Cameron v. Fogarty, 805 F.2d 380, 388 (2d Cir. 1986), cert. denied

481 U.S. 1016 (1987). "A conviction is conclusive proof of probable cause for an arrest

. . . . Thus, generally, [a] person who thinks there is not even probable cause to believe

that he committed the crime with which he is charged must pursue the case to an

acquittal or unqualified dismissal." (Citations omitted; internal quotation marks omitted.)

Haynes v. City of New London, Docket No. 3:99CV2551(CFD), 2002 WL 1204956

(D.Conn. May 17, 2002). Moreover, the Plaintiff waives his § 1983 claim if he fails to

pursue the case to an acquittal or unqualified dismissal. Roesch v. Otarola, 980 F.2d

850, 853 (2d Cir. 1992).

 Any condition attached to the dismissal of criminal charges and agreed to by the

accused is not a favorable termination for the purposes of a later false arrest claim. See

Singleton, supra; Davis v. Chubb Pacific Indemnity Group, 493 F.Supp. 89, 91 (E.D. PA

1980); see also See v. Gosselin, 133 Conn. 158, 160, 48 A.2d 560 (1946). If the

prosecution is terminated pursuant to a compromise or entered into voluntarily by the

accused, the termination is not favorable. W. Page Keeton, Prosser and Keeton on Law

of Torts, 5th Ed. (1984) Section 119. The general principle is that criminal proceedings

SILVESTER & DALY
72 RUSS STREET ∘ HARTFORD, CONNECTICUT 06106 • (860) 278-2650 • FAX (860) 727-9243

are terminated in favor of the accused <u>only when their final disposition is such to indicate the accused is not guilty</u>.  <u>Id</u>. (emphasis added).

Therefore, when a person accepts a nolle, he or she has failed to obtain a favorable termination that indicates that he or she is not guilty of the alleged crime. <u>Birdsall v. City of Hartford</u>, 249 F. Supp. 2d 163, 171 (D. Conn. 2003).  A person is barred from bringing a § 1983 claim for false arrest and malicious prosecution where he cannot show that the underlying criminal procedure terminated in his favor.  <u>Id</u>. Connecticut case law defines a "nolle" as "a unilateral act by a prosecutor, which ends the pending proceedings without an acquittal and without placing the defendant in jeopardy" unlike a dismissal, which is "an act of court".  (Internal quotation marks omitted.)  <u>Cislo v. City of Shelton</u>, 240 Conn. 590, 599 n.9, 692 A.2d 1255 (1997)).  "A nolle requires no findings of fact to determine the accuracy of the charges.  <u>State v. Lloyd</u>, 185 Conn. 199, 201, 440 A.2d 867 (1981)."  <u>Bacchiocchi v. Chapman</u>, 2004 WL 202142 (D.Conn. 2004).  Moreover, under General Statutes § 54-56b "[a] nolle prosequi may not be entered as to any count in a complaint or information if the accused objects to the nolle prosequi and demands either a trial or dismissal, except with respect to prosecutions in which a nolle prosequi is entered upon a representation to the court by the prosecuting official that a material witness has died, disappeared or become

**SILVESTER & DALY**
72 RUSS STREET • HARTFORD, CONNECTICUT 06106 • (860) 278-2650 • FAX (860) 727-9243

disabled or that material evidence has disappeared or has been destroyed and that a further investigation is therefore necessary." General Statutes § 54-56b; see also Practice Book § 39-30. "A person who thinks there is not even probable cause to believe he committed the crime with which he is charged must pursue the criminal case to an acquittal or an unqualified dismissal, or else waive his section 1983 claim." Roesch v. Otorala, 980 F.2d 850, 853 (2d Cir. 1992).

It is the Plaintiff's affirmative burden to establish that the prosecution was terminated in his favor. "It would make no sense to allow an accused to bypass the criminal justice system with its various safeguards concerning probable cause, only to be able to turn around and claim in a subsequent civil action that there was no probable cause for her arrest". Konan, 612 F. Supp.at 72. Where a termination is indecisive because it does not address the merits of the charge, the facts surrounding the termination must be examined to determine "whether the failure to proceed implies a lack of reasonable grounds for the prosecution." Conway v. Village of Mount Kisco, 750 F.2d 205, 214 (2d Cir. 1984).

The Plaintiff was charged with being a minor in possession of alcohol, in violation of General Statutes § 30-89 (b), and having improper rear/marker lamps, in violation of General Statutes § 14-96 (c). As a result of these charges, the Plaintiff was

SILVESTER & DALY
72 RUSS STREET • HARTFORD, CONNECTICUT 06106 • (860) 278-2650 • FAX (860) 727-9243

required to perform community service.  Exhibit D, Plaintiff's Deposition, pg. 44.  Upon

completion of the community service, the Plaintiff returned to court and a nolle was

entered on February 1, 2001, with respect to both of the charges made against the

Plaintiff.  See Exhibit E, Records from Criminal Court.

      The Plaintiff was required to perform community service in return for the

dismissal of the charges against him.  When conditions are attached to a dismissal, it

cannot be said that the prosecution terminated in the accused's favor.  See, e.g.,

Singleton, 632 F.2d at 194-95; see also Pinaud v. County of Suffolk, 52 F.3d 1139,

1154 (2d Cir. 1995).  Because the prosecution of the Plaintiff in this case did not

terminate in the Plaintiff's favor, there is no issue of material fact with respect to the

Plaintiff's § 1983 claim for false arrest.  As such, the Defendants are entitled to

judgment as a matter of law on the Plaintiff's false arrest claim.

      **C.**    **Even if the Plainitff received a favorable disposition of the underlying criminal charges the Defendants are entitled to qualified immunity on the Plaintiff's false arrest and false imprisonment claims**

      Even if the court determines that the Plaintiff received a favorable disposition on

the claims for false arrest and false imprisonment, the Plaintiff cannot prevail against the

Defendants on said claims because the Defendants are entitled to qualified immunity.

**SILVESTER & DALY**

72 RUSS STREET • HARTFORD, CONNECTICUT 06106 • (860) 278-2650 • FAX (860) 727-9243

"Section 1983 provides *inter alia* that any person who, under color of state law, deprives another of her rights secured by the Constitution, shall be liable to the party injured . . . . The deprivation must be intentional or deliberate." (Citations omitted; emphasis in original.) Ruiz v. Herrera, 745 F. Sup. 940, 946 (S.D.N.Y. 1990). Furthermore, the United States Supreme Court has held that "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." Daniels v. Williams, 474 U.S. 327, 328, 106 S. Ct. 662, 88 L.Ed. 2d 662 (1986). "[A] public official is liable under § 1983 only 'if he *causes* the plaintiff to be subjected to deprivation of his constitutional rights.'" (Emphasis in original.) Baker v. McCollan, 443 U.S. 137, 142, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979).

While the language of § 1983 does not contain immunities, the Supreme Court has held that public officials are entitled to traditional common law immunities. See Imbler v. Patchman, 424 U.S. 409, 418, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976). Indeed, the Supreme Court has held that the defense of qualified immunity is applicable to cases where § 1983 is implicated. See Conn v. Gabbert, 526 U.S. 286, 290, 119 S. Ct. 1292, 143 L. Ed. 2d 399 (1999). "Connecticut courts describe the conduct deserving qualified immunity as that of the performance of governmental acts as distinguished

12

from ministerial acts. Government acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature . . . . On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action and are not deserving of qualified immunity." (Internal quotation marks omitted.) Rodriguez v. Abbatiello, 30 F. Sup. 2d 274, 277 (D.Conn. 1998). "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow, 457 U.S. at 818. "The sine qua non is the existence of a public/private duty. Only the taking of an action which inures to the benefit of the public is qualifiedly immune." Rodriguez, 30 F. Sup. at 277. "A strictly private act, in contradistinction, has been recognized where it would be apparent to a public officer that his or her actions would [be] likely to subject an identifiable person to imminent harm." Id.

The United States Supreme Court has held that there is both an objective and a subjective aspect to the applicability of qualified immunity. Harlow, 457 U.S. at 814. "The objective element involves a presumptive knowledge of and respect for basic, unquestioned constitutional rights. The subjective component refers to permissible

13

intentions." (Internal quotation marks omitted.) Id. The court defines the objective and subjective elements by identifying certain circumstances where qualified immunity does not apply. Id. "Qualified immunity would be defeated if an official knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of the [plaintiff], or if he took the action with the malicious intention to cause a deprivation of constitutional rights or other injury." (Internal quotation marks omitted.) Id.

"Qualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation.'" Saucier v. Katz, 533 U.S. 194, 200 (2001) (quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). "The threshold inquiry a court must undertake in a qualified immunity analysis is whether plaintiff's allegations, if true, establish a constitutional violation." Hope v. Pelzer, 536 U.S. 730, 736, 122 S. Ct. 2508, 153 L. Ed. 2d 666 (2002).

"In the context of a qualified immunity defense to an allegation of false arrest, the defending officer need only show 'arguable probable cause'". Martinez v. Simonetti, 2002 F.3d 625, 634 (2d Cir. 2000). "Officers can have reasonable, but mistaken, beliefs as to the facts establishing the existence of probable cause . . . and in those situations courts will not hold that they have violated the Constitution". Saucier, 533 U.S. at 206.

SILVESTER & DALY
72 RUSS STREET • HARTFORD, CONNECTICUT 06106 • (860) 278-2650 • Fax (860) 727-9243

Probable cause exists when a police officer has "knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." Golino v. City of New Haven, 950 F.2d 864, 870 (2d Cir.1991).

Officer Clark reasonably believed that probable cause existed to arrest the Plaintiff. There is no dispute that the Plaintiff was properly stopped and arrested for inoperable tail lamps. As the police report indicates, Officer Clark observed the Plaintiff's motor vehicle traveling without operable tail lamps. After observing this, Officer Clark made a motor vehicle stop. While Officer Clark was performing the stop, he noticed the occupants in the motor vehicle attempting to conceal something under the seats. Officer Clark performed a Department of Motor Vehicle search of the license plate and found that the motor vehicle was owned by the Plaintiff, date of birth, January 13, 1981.

Upon walking up to the motor vehicle, Officer Clark noticed bottles of alcohol under the seats of the car, specifically under the driver's side seat. The bottles appeared to Officer Clark to be cold, as there was condensation on the bottles.

After seeing the alcoholic beverages, Officer Clark performed a Terry pat down of the Plaintiff. While doing this, he smelled alcohol and marijuana on the Plaintiff. The

SILVESTER & DALY
72 RUSS STREET • HARTFORD, CONNECTICUT 06106 • (860) 278-2650 • FAX (860) 727-9243

Plaintiff told Officer Clark that he had used both prior to the stop.  Officer Clark then performed a Horizontal Gaze Nystagmus test on the Plaintiff and noticed that the Plaintiff's eyes exhibited a lack of smooth pursuit.

In light of these circumstances, Officer Clark reasonably believed that probable cause existed to arrest the Plaintiff for failure to have a tail lamp and possession of alcohol by a minor.  Therefore, since there was probable cause to arrest the Plaintiff, the individual Defendants are entitled to qualified immunity.  As such, they are protected from the Plaintiff's claims of false arrest and false imprisonment.

**D.    The Defendant Town of Granby is entitled to judgment as a matter of law on Plaintiff's §1983 claims**

The Plaintiff alleges the Town of Granby is responsible for the actions of the Defendant Police Officers under §1983.  He alleges that the Town was aware that the Defendants were conducting themselves in the manner alleged "on this and other occasions".  Amended Complaint, ¶ 22.  The Plaintiff also claims that the Town of Granby retained the Defendant Officers and allowed them to "assault and intimidate people such as the plaintiff" and was "grossly negligent in its supervision of the defendant police officers".  Id., ¶¶ 23 and 24.

"It is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official

16

policy, inflicts the injury that the government as an entity is responsible under §1983".
Monnell v. New York City Department of Social Services, 436 U.S. 658, 694 (1978).

To impose §1983 liability on a governmental entity a plaintiff must prove that a governmental policy or custom caused a deprivation.  See, e.g., Wimmer v. Suffolk County Police Dept., 176 F.3d 125, 137 (2d. Cir. 1999).  A policy is a "statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers".  Monnell, 436 U.S. at 690.  A custom is a "persistent and widespread discriminatory practice...so permanent and well settled as to constitute a 'custom or usage' with the force of law".  Id., at 691.

"A single incident alleged in a complaint, especially if it involved only actors below the policy making level, generally will not suffice to raise an inference of the existence of a custom or policy".  Dwares v. City of New York, 985 F.2d 94, 100 (2d. Cir. 1993).

The Plaintiff does not allege and has not provided any evidence of a custom or official policy of the Town of Granby or the Granby Police Department that served to deprive him of his Constitutional rights.  His assertions that the Town was aware that the Defendant Officers were acting in the manner alleged by the Plaintiff and allowed

SILVESTER & DALY
72 RUSS STREET • HARTFORD, CONNECTICUT 06106 • (860) 278-2650 • FAX (860) 727-9243

the Defendant Officers assault and intimidate people like the Plaintiff are not sufficient,

under <u>Monnell</u>, for §1983 liability to attach to the municipality.

Therefore, the Plaintiff's §1983 claims against the Town of Granby are

insufficient as a matter of law and the Town of Granby is entitled to judgment in its favor

on said claims.

### E.    <u>The court should decline to exercise jurisdiction over the Plaintiff's pendant state law claims</u>

The Plaintiff also brings state law causes of action sounding in sexual assault

and battery against the Defendants.

Under 28 U.S.C.A §1367 (c) (3), "[t]he district courts may decline to exercise

supplemental jurisdiction over a [state law] claim . . . If . . . the district court has

dismissed all claims over which it had original jurisdiction".[7] "Pendent jurisdiction is a

---

[7] 28 U.S.C.A. 1367 provides the following: "(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.
(b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

SILVESTER & DALY
72 RUSS STREET • HARTFORD, CONNECTICUT 06106 • (860) 278-2650 • FAX (860) 727-9243

doctrine of discretion, not of plaintiff's right". <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 726 (1966).

While dismissal of the state law claims is at the discretion of the court, "when all federal-law claims are eliminated before trial, the balance of factors to be considered under pendent jurisdiction doctrine- judicial economy, convenience, fairness and comity- will point toward declining to exercise jurisdiction over the remaining state-law claims." <u>Carnegie-Mellon University v. Cohill</u>, 484 U.S. 343, 108 S. Ct. 614, 98 L.Ed.2d 720 (1988).

In the instant case, Plaintiff's §1983 claims of false arrest and false imprisonment cannot be maintained because the Plaintiff did not receive a favorable disposition of the underlying criminal charges. In addition, even if it is found that the Plaintiff received a

---

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
    (1) the claim raises a novel or complex issue of State law,
    (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
    (3) the district court has dismissed all claims over which it has original jurisdiction, or
    (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.
(d) The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.
(e) As used in this section, the term "State" includes the District of Columbia, the Commonwealth of Puerto Rico, and any territory or possession of the United States."

SILVESTER & DALY
72 RUSS STREET • HARTFORD, CONNECTICUT 06106 • (860) 278-2650 • FAX (860) 727-9243

favorable disposition, the Defendants are entitled to qualified immunity with respect to the Plaintiff's §1983 false arrest and false imprisonment claims.

Since the Defendants are entitled to Summary Judgment on the false arrest and false imprisonment claims, the only remaining claims are state law claims for sexual assault and battery.  These claims, however, do not give rise to original jurisdiction. The court should decline to exercise pendent jurisdiction and should dismiss the state law claims for sexual assault and battery.

## IV.   CONCLUSION

For the foregoing reasons, the Defendants, the Town of Granby, Douglas Clark and Robert Castle, request that the court grant their Motion for Summary Judgment.

THE DEFENDANTS,
THE TOWN OF GRANBY, DOUGLAS CLARK
and ROBERT CASTLE

By: _____
   JOSEPHINE A. SPINELLA
   Silvester & Daly
   72 Russ Street
   Hartford, CT 06103
   Tel. (860) 278-2650
   Federal Bar No. CT24009

20

## CERTIFICATION

I, Josephine A. Spinella, attorney for the Defendant, hereby certify that a copy of the foregoing has been mailed, postage prepaid, in the United States Mail, this 12th day of May, 2004 to:

Patsy M. Renzullo
65 Elm Street
P.O. Box 718
Winsted, CT 06098

By: _____
JOSEPHINE A. SPINELLA
Silvester & Daly

nai-love/memo-MSJ.042004

21