UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
Jun 7  10 22 AM '04
U.S DISTRICT COURT
NEW HAVEN, CONN.

SEAN A. LOVE                    :    CASE NO. 302CV1960(EBB)
      Plaintiff          :
V.                              :
                                :
                                :
TOWN OF GRANBY, DOUGLAS CLARK
and ROBERT CASTLE               :
      Defendants         :    JUNE 4, 2004

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

I.     INTRODUCTION

Plaintiff hereby submits this memorandum of law in opposition to defendants' motion for summary judgment dated May 12, 2004. Plaintiff contends that there are issues of material fact which preclude summary judgment, that immunity does not protect defendants from liability under Title 42, U.S. Code, Section 1983, and that there are no state law claims over which the court has pendent jurisdiction.

II.    FACTS

The plaintiff, Sean A. Love, filed a Complaint, dated November 6, 2002, against the defendants, the Town of Granby and Granby Police Officers Douglas Clark and Robert Castle. The plaintiff subsequently filed an Amended Complaint, dated January 20, 2003, alleging numerous causes of action against the Town of Granby, Officer Clark and Officer Castle, under 42 U.S.C. § 1983 for violations of his Fourth and Fourteenth Amendment rights. These violations allegedly arose from a sexual assault and battery at the hands of defendant officer Clark and threatening and intimidation at the hands of both officers.

The plaintiff's claims arise out of the following facts. On November 11, 2000 at approximately 9:29 p.m., the plaintiff, who was nineteen (19) years old, was operating a motor vehicle traveling eastbound on Route 20 in Granby, Connecticut. Defendants' Exhibit A, Police Report. Officer Clark, of the Granby Police Department, was on duty monitoring traffic at the intersection of Route 20 and Park Place. Defendants' Exhibit B, Affidavit of Clark. The plaintiff passed Officer Clark, and Officer Clark observed that the plaintiff's motor vehicle had inoperable tail lamps. Defendants' Exhibit A.

After stopping the car, Officer Clark approached the car to speak with the plaintiff. Def. Exhibit B, Affidavit of Clark. At that point, Officer Castle arrived at the scene. Def. Exhibit A, Police Report.

While Officer Clark was talking with the plaintiff, he observed that the plaintiff appeared extremely nervous. Exhibit A, Police Report. The plaintiff apologized to Officer Clark repeatedly and stated that a fuse must have blown. Def. Exhibit A, Police Report. Officer Clark used a flashlight to look into the motor vehicle. Def. Exhibit B, Affidavit of Clark. While looking inside the motor vehicle he noticed several bottles of alcoholic beverages. Def. Exhibit B, Affidavit of Clark. The bottles were hidden underneath the seats. Def. Exhibit B, Affidavit of Clark. Officer Clark then asked the plaintiff to step outside of the motor vehicle and Officer Clark, while performing a "Terry

pat down" of the plaintiff, grabbed plaintiff's scrotum and said, "You haven't been felt like this in a long time, you faggot." Plaintiff's Exhibit A, Affidavit of Sean A. Love; Plaintiff's Exhibit F, Sworn Statement of Ky Schieb. The plaintiff told Officer Clark that he had used marijuana about one (1) to two (2) hours earlier. Def. Exhibit B, Affidavit of Clark. Officer Clark performed a field sobriety test on the plaintiff, which Clark told the plaintiff that he failed. Plaintiff's Exhibit A, Affidavit of Love; Plaintiff's Exhibit F, Schieb Statement. See also Plaintiff's Exhibit C, Affidavit of Jamie Leifert.

The plaintiff was subsequently handcuffed and charged with Possession of Alcohol by a Minor, General Statutes §30-89(b); and the infraction of Failure to Have Tail Lamps, General Statutes § 14-96c. Exhibit A, Police Report. He was also given a written warning for Failure to Have Tail Lamp, General Statutes § 14-96c; and Possession of Alcohol by a Minor in a Motor Vehicle, General Statutes § 14-111a. Def. Exhibit A, Police Report. The plaintiff was transported to Granby Police Department by Officer Clark and was fingerprinted and processed. Def. Exhibit A, Police Report. While plaintiff was in a metal holding cage, Officer Clark in the presence of Officer Castle rummaged through a desk supposedly looking for a wig to put on the plaintiff and threatened to place him in a cell with "Bubba," a large black man supposedly located in the rear of the jailhouse who impliedly would be in a position to sexually assault the plaintiff. This caused plaintiff to tremble in fear. Plaintiff's Exhibit A, Affidavit of Love; Plaintiff's Exhibit F, Schieb Statement.

3

The plaintiff further alleges that as a result of the sexual assault, threatening and intimidation and remarks of the defendant officers, repressed childhood memories of sexual assaults at the hand of his natural father flashed back and caused serious psychological injuries. (See report of Dr. Michael Nelken, Plaintiff's Exhibit B). Since the incident the plaintiff, who prior to the incident had an excellent work record at Hitchcock Chair Company, lost his job and can no longer work. Plaintiff's Exhibit A, Love Affidavit; Amended Complaint, par. 17-18. The plaintiff was released later that night to his parents on a Five Hundred ($500.00) Dollar nonsurety bond. Def. Exhibit A, Police Report.

### III.   LAW AND ARGUMENT

A.   Standard of Review

The court should grant a motion for summary judgment "if the pleadings, depositions, answer to interrogatories, and admissions on file, together with affidavits ... show that there are no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law." Silver v. City Univ., 947 F.2d 1021, 1022 (2d Cir. 1991). "The moving party bears the initial burden of establishing no genuine issues of material fact exist and that the undisputed facts show that she is entitled to judgment as a matter of law." Martin v. Rodriguez, 154 F. Supp. 2d 306, 311 (D.Conn. 2001). " In determining whether a genuine issue of material fact exists, a court must resolve all ambiguities and draw all reasonable inferences against the moving party." Id.

4

B.   <u>Defendants are not entitled to immunity if they have violated plaintiff's rights under the Fourth and Fourteenth Amendments. Plaintiff's allegations of sexual assault are not pendent state claims.</u>

The gravamen of plaintiff's suit is the sexual assault by defendant Clark and the subsequent threatening and intimidation by both Clark and Castle at the Granby police station. After addressing the false arrest and false imprisonment claims, defendants urge the court to decline to exercise jurisdiction "over the plaintiff's pendant state law claims," to wit, sexual assault and battery. Defendants' Mem. Of Law, p. 18. Those are not, however, state law claims. Plaintiff has not alleged any state law claims <u>per se</u>.

Paragraph 20 of the First Count of the Amended Complaint says: "The aforesaid conduct of defendants Clark and Castle constituted a false arrest, a false imprisonment, and a sexual assault and battery."

Paragraph 22 says that the conduct mentioned in Paragraph 20 "constituted a violation of plaintiff's civil rights, in violation of the Fourth Amendment and the due process clause of the Fourteenth Amendment to the United States Constitution and Title 42, United States Code, Section 1983."

The sexual assault and battery claim is thus an element of plaintiff's <u>federal civil rights</u> action.

Paragraph 22 also refers to defendant officers' conduct in Paragraphs 17 and 18, which relate to threatening and intimidation by the officers during his arrest and confinement. These are also part of the civil rights claim under § 1983.

The Fourth Amendment provides that "the right of the people to be secure in their persons, houses, papers, and effects, <u>against unreasonable searches and seizures</u>, shall not be violated,......" (Emphasis added). The plaintiff is alleging that the sexual assault and battery that took place during defendant Clark's "Terry pat down" made the search unreasonable. The plaintiff is also alleging that the officers' threatening and intimidation of him at the police station made his seizure (i.e., arrest) unreasonable.

Inasmuch as the sexual assault and battery is one of plaintiff's federal claims, and defendants have failed to address the sexual assault and battery with respect to their immunity defense, that federal-law claim will not be "eliminated" even if the court finds for defendants as to the false arrest and false imprisonment claims.

Defendants did not address the question of qualified immunity with respect to plaintiff's sexual assault and battery claim. We'll address it here. The Supreme Court said in <u>Behrens v. Pelletier</u>, 516 U.S. 299, 133 L.Ed.2d 773 (1996) that the qualified-immunity defense "shield[s] [government agents] from liability for civil damages insofar as their conduct <u>does not violate clearly established statutory or constitutional rights of which a reasonable person would have known</u>," quoting <u>Harlow v. Fitzgerald</u>, 457 U.S.

6

800, 818, 73 L.Ed.2d 396 (1982). (Emphasis added). In order for the court to rule for defendants on this point, the court would have to say that sexual assault and battery by a police officer on the person he is arresting does not violate any of plaintiff's "clearly established rights" under the Fourth and Fourteenth Amendments.

In <u>Harlow</u>, <u>supra</u>, the high court said that qualified immunity "provide[s] no license to lawless conduct." 457 U.S. at 829.

> The public interest in deterrence of unlawful conduct and in compensation of victims remains protected by a test that focuses on the objective legal reasonableness of an official's acts. Where an official could be expected to know that certain conduct would violate statutory or constitutional rights, he should be made to hesitate; and a person who suffers injury caused by such conduct may have a cause of action.

<u>Id.</u>

In this case the plaintiff asserts that the sexual assault and battery occurred during his arrest and that the threatening and intimidation occurred during his detention, thus implicating his right to be free from unreasonable search (the Terry pat down) and seizure under the Fourth Amendment. These are clearly established rights. The officers had to know that their treatment of plaintiff was improper. And the fact that they are denying it means either they didn't do it or did it and thought it was proper. If the former is true, we have genuine issues of material fact that preclude summary judgment. If the latter is true, then the court can fairly easily rule for plaintiff.

In order for the court to rule that qualified immunity protects the officers, the court would have to find that a sexual assault and battery during a search and seizure was a legitimate part of the officers' duties, thus overturning decades of constitutional law. United States v. Dunbar, 470 F.Supp. 704 (D.Conn. 1979), affirmed, 610 F.2d 807 (2d Cir.); State v. Collins, 150 Conn. 488, 191 A.2d 253 (1963) ["frisking" is a search]; United States v. Gerens, 622 F. Supp. 1218 (D. Conn. 1987) ["legitimate" or "reasonable" expectation of privacy]; Morgan v. Labiak, 368 F.2d 338, 1 ALR Fed. 512 (10th Cir. 1966); Jonelis v. Russo, 863 F. Supp. 84 (D. Conn. 1994).

There is no question that an arresting officer may search a suspect for weapons or contraband. Adams v. Williams, 407 U.S. 143, 32 L.Ed.2d 612 (1972); State v. Holder, 18 Conn. App. 184, 557 A. 2d 553 (1989). But that does not give an officer the power to assault a compliant suspect. Stanulonis v. Marzec, 649 F. Supp. 1536 (D.Conn.1986); Lentine v. McAvoy, 150 Conn. 528, 136 A. 76 (1927). Nowhere do defendants allege that plaintiff resisted arrest or otherwise "remonstrated with [them] as to the performance of [their duties]." Lentine, 105 Conn. at 529. And even if plaintiff had resisted arrest or tried to resist the pat down, that would not justify a sexual assault.

C.   The conduct of defendant officers was intentional so as to deny them a qualified immunity defense.

On page 12 of their memorandum of law, defendants argue that the due process clause of the Fourteenth Amendment "is simply not implicated by a <u>negligent</u> act of an officer causing unintended loss of or injury to life, liberty, or property," citing <u>Daniels v. Williams</u>, 474 U.S. 327, 328, 88 L.Ed.2d 662 (1986). (Emphasis in original quotation). There is no allegation in the Amended Complaint that defendant Clark <u>negligently</u> grabbed plaintiff's scrotum and <u>negligently</u> called plaintiff "a faggot." There is no way an "assault" can be negligent. If it's negligent, then it's not an assault. As discussed above, the sexual assault and battery claim is part of the § 1983 claim. We are not talking about a negligent arrest or a negligent detention.

As defendants state on page 14 of their memorandum of law, "Qualified immunity would be defeated if an official knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of the [plaintiff], or if he took the action with the malicious intention to cause a deprivation of constitutional rights or other injury," citing <u>Harlow v. Fitzgerald</u>, 457 U.S. at 814. The court must find for plaintiff on this issue if it finds that plaintiff's allegations, if true, establish a constitutional violation. <u>Hope v. Pelzer</u>, 536 U.S. 730, 736, 153 L. Ed.2d 666 (2002). Sexual assault by a police officer in arresting a person is clearly a violation of that person's federally protected rights. Also, whether defendant officers' conduct was reasonable is a question of fact for the jury. <u>Calamia v. New York</u>, 879 F.2d 1025 (2d Cir. 1989).

D.     The defendant Town of Granby is not entitled to judgment as a matter of law.

As the defendants say on page 17 of their memorandum of law, the Town of Granby can be liable for a § 1983 violation if plaintiff proves that a town policy or custom causes a deprivation of rights. Plaintiff's Exhibit D is the Town's responses to certain of plaintiff's Interrogatories by Granby Police Chief David L. Watkins. In his answers to Nos. 22 to 25. Chief Watkins states that from February 16, 2000 to December 27, 2000, defendant Clark was the subject of five citizen complaints and was disciplined for one of them and talked to about in another, both occurring before the incident with the plaintiff on November 11, 2000.

The Town was thus aware of Officer Clark's past performance. On the day in question, Clark's supervisor was Officer Castle. Plaintiff's Exhibit D, Response to Interrogatories, No. 30. Castle did nothing to keep Clark from assaulting or intimidating plaintiff and in fact took part in the intimidation later at the station – not a good way to keep an erring officer under control. Castle was charged with knowing Clark's tendency to abuse detainees, and failed to oversee the pat down.

In Plaintiff's Exhibit E, Memorandum from then-Captain David Watkins, Capt. Watkins says that the February 2000 incident "was the third instance wherein a person had contacted the department" with regard to Officer Clark's "demeanor during a traffic stop."

10

Between the Memo of February 16, 2000 (Plaintiff's Exhibit E) and the incident of November 11, 2000, there were two other citizen complaints and after the November 11, 2000 incident, another two incidents. (Plaintiff's Exhibit D, No. 23). Action was taken on only two of them. (Plaintiff's Exhibit D, No. 25) and it did not stop or discourage Clark from assaulting plaintiff, even with Castle present. Clark's captain encouraged his aggressive behavior, because Clark had "good numbers" with respect to traffic citations. Plaintiff's Exhibit E. The Town's policy with respect to errant officers was one of indifference.

## IV.   CONCLUSION

There is no basis for concluding that the sexual assault charge is a pendent state claim. The Amended Complaint says it amounts to a violation of plaintiff's rights under the Fourth and Fourteenth Amendments and under Title 42, U.S.C. § 1983.

There are issues of material fact that preclude summary judgment, in particular whether Officer Clark in fact sexually assaulted the plaintiff. For purposes of this summary judgment motion, the court must accept that claim as true.

There is thus no basis for summary judgment with regard to the sexual assault and Battery, threatening and the intimidation. The motion for summary judgment should be denied.

11

PLAINTIFF

By /s/ Patsy M. Renzullo
Patsy M. Renzullo
65 Elm Street, P.O. Box 718
Winsted, CT 06098
860-379-9885
Fed. Bar No. CT 11058

**CERTIFICATION**

6-5-04

I hereby certify that a copy of the foregoing was mailed on ~~the above date~~ to counsel as follows:

Attorney Frank Szilagyi
Silvester & Daly
72 Russ Street
Hartford, CT 06106

/s/ Patsy M. Renzullo
Patsy M. Renzullo
Commissioner of the Superior Court

12