UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SEAN A. LOVE | : | CASE NO. 302CV1960 (EBB) |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| TOWN OF GRANBY, DOUGLAS CLARK | : | |
| and ROBERT CASTLE | : | |
| Defendants | : | JUNE 17, 2004 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO STRIKE PLAINTIFF'S EXHIBIT**

The Defendants, Town of Granby [hereinafter "Town"], Douglas Clark and Robert Castle, hereby submit this Memorandum in Support of their Motion to Strike Plaintiff's Exhibit. The Defendants argue that the court should strike the statement of Ky Schieb, Exhibit F, because it is inadmissible. Specifically, the statement is improper because it is hearsay and it is an unsworn statement. The Defendants, therefore, submit that the court should grant their Motion to Strike.

**I.   FACTS**

The Defendants submitted a Motion for Summary Judgment and corresponding Memorandum of Law on May 12, 2004. In response to the Motion for Summary Judgment, the Plaintiff, Sean A. Love, filed a Memorandum in Opposition, dated June 4, 2004. In addition to his Opposition, the Plaintiff simultaneously filed a Local Rule 9 (2)

2 Statement of Facts.  Attached to the Plaintiff's Local Rule 9 (2) 2 Statement is Exhibit F, which the Plaintiff asserts is the statement of Ky Schieb.  The statement is hearsay, is unsworn and fails to state that it is subscribed as true under the penalty of perjury.

Upon receiving the Plaintiff's Opposition, the Defendants filed a Reply brief, dated June 17, 2004.

## II.     LAW AND ARGUMENT

### A.     Standard of Review

"The principles of admissibility of evidence do not change on a motion for summary judgment . . . .  Accordingly, a motion to strike is appropriate if documents submitted in support of a motion for summary judgment contain inadmissible hearsay, conclusory statements, are incomplete, or have not been properly authenticated." (Citations omitted.)  Barlow v. State, United States District Court, No. 3:00-CV-1983(EBB), 2004 WL 1170629 (May 5, 2004, *Burns, J.*).  Exhibits that "do not qualify as evidentiary proof in admissible form . . . will be struck from the record and will not be considered by [the] court in its ruling on summary judgment."  Id.  Statements that are unsworn, are not dated and do not end with an affirmation suggesting that the written statement is true are properly stricken.  Id.

**B.     Plaintiff's Exhibit F, Statement of Ky Schieb, should be Stricken because it is Hearsay**

The Defendants argue that the statement of Ky Schieb is inadmissible because it is hearsay.  Federal Rule of Evidence 801 (c) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  F.R.E. 801 (c).  Federal Rule of Evidence 802 provides in relevant part: "Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress."  F.R.E. 802.

The Plaintiff seeks to introduce the statement of Ky Schieb to prove the truth of the matter asserted in the statement.  This statement is hearsay and is not admissible under any of the hearsay exceptions.  As such, the Defendants assert that the statement should be stricken.

**C.     Plaintiff's Exhibit F, the Statement of Ky Schieb, Should be Stricken**

The Plaintiff attached to his Opposition Memorandum, the statement of Ky Schieb.  See Plt. Opposition Mem., Ex. F.  "Rule 56(e) provides that a motion for summary judgment may be accompanied by sworn affidavits setting forth admissible facts based on personal knowledge.  28 U.S.C. § 1746 provides that, whenever a rule requires a matter to be supported by sworn affidavit, the matter may be supported

instead by an unsworn, written declaration or statement subscribed as true under penalty of perjury, and dated." <u>Barlow</u>, 2004 WL 1170629, *6. "Unsworn statements, letters addressed to litigants, and affidavits composed of hearsay and nonexpert opinion evidence do not satisfy Rule 56(e) and must be disregarded." <u>Blake-McIntosh v. Cadbury Beverages, Inc</u>., United States District Court, No. 3:96-CV-2554 (EBB) (June 25, 1999, *Burns, J.*), 1999 WL 464529, *4 (D.Conn.1999).

  The Plaintiff offers the statement of Ky Schieb that is unsworn and has been subscribed as true under the penalty of perjury. Additionally, there is no assertion that the statement is based on personal knowledge, as is necessary in order to be admissible in support of the Opposition to Motion for Summary Judgment. See <u>Blake-McIntosh</u>, 1999 WL 464529, *4. As such, the court should strike the statement of Ky Schieb and should not consider the statement when ruling on the Motion for Summary Judgment.

### III. <u>CONCLUSION</u>

  For the foregoing reasons, the Defendants, Town of Granby, Douglas Clark and Robert Castle, hereby request that the court grant their Motion to Strike.

        THE DEFENDANTS,
        TOWN OF GRANBY, DOUGLAS CLARK
        and ROBERT CASTLE


By:_____
    JOSEPHINE A. SPINELLA
    Silvester & Daly
    72 Russ Street
    Hartford, CT 06106
    Tel. (860) 278-2650
    Federal Bar No. CT24009

## **CERTIFICATION**

I, Josephine A. Spinella, attorney for the Defendants, hereby certify that a copy of the foregoing has been mailed, postage prepaid, in the United States Mail, this 17th day of June, 2004 to:

Patsy M. Renzullo
65 Elm Street
P.O. Box 718
Winsted, CT 06098

By:_____
JOSEPHINE A. SPINELLA
Silvester & Daly

Nai-love/memo.MTS.061604