**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| SEAN A. LOVE | : | CASE NO. 302CV1960(EBB) |
|     Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| TOWN OF GRANBY, DOUGLAS CLARK | : | |
| and ROBERT CASTLE | : | |
|     Defendants | : | JUNE 17, 2004 |

**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

**I.   INTRODUCTION**

Pursuant to Local Rule 7 (d), the Defendants, Town of Granby [hereinafter "Town"], Douglas Clark and Robert Castle, hereby submit this Reply to Plaintiff's Opposition to Motion for Summary Judgment. The Defendants submit that they filed a Motion for Summary Judgment and corresponding Memorandum of Law on May 12, 2004. In response to the Motion for Summary Judgment, the Plaintiff, Sean A. Love, filed a Memorandum in Opposition, dated June 4, 2004.

**A.   Procedural Background**

In the Motion for Summary Judgment, the Defendants submit that they are entitled to judgment as a matter of law on the Plaintiff's false arrest and false imprisonment claims under 42 U.S.C. § 1983 and the Fourth and Fourteenth

Amendments to the United States Constitution. The Defendants further submit that the court should decline to exercise pendent jurisdiction on the Plaintiff's state law claims.

In his Opposition, the Plaintiff argues that his claims of sexual assault and battery are federal claims, properly brought under the Fourth and Fourteenth Amendments. As such, the Plaintiff argues the Defendants violated 42 U.S.C. § 1983 when they sexually assaulted and committed a battery on him. The Defendants, therefore, are not entitled to qualified immunity on such actions.

Further, the Plaintiff argues that the Town is not entitled to judgment as a matter of law on his § 1983 claims because the Town was aware of Officer Clark's past acts of assaulting and intimidating citizens.

In this Reply, the Defendants argue that the claims of sexual assault and battery are not federal claims and the Plaintiff cannot seek relief for said torts under § 1983. The Defendants also assert that the Town is entitled to judgment as a matter of law on the § 1983 claims. Lastly, the Defendants argue that the Plaintiff's Local Rule 9 Statement of Facts is improper.

The Plaintiff does not challenge the Defendants' assertion that the Defendants are entitled to judgment in their favor on the Plaintiff's claims of false arrest and false imprisonment because the Plaintiff did not receive a favorable termination of the

underlying criminal action.  Therefore, the Defendants submit that the court should grant their Motion for Summary Judgment on those claims.

## II. LAW AND ARGUMENT

### A. Plaintiff's Argument that Sexual Assault and Battery are Federal Law Claims Fails

The Plaintiff argues that his claims of assault and battery are not state law claims.  See Plt. Opposition Mem., pg. 5.  Rather, the Plaintiff argues that sexual assault and battery claims constitute violations of his Fourth Amendment rights and Fourteenth Amendment due process rights thereby implicating § 1983.

"Civil liability under 42 U.S.C. § 1983 is imposed upon a party who 'under color of state law' deprives a plaintiff of a right secured by the Constitution."  Longmoor v. Nilsen, 312 F. Supp. 2d 352, 357 (D.Conn. 2004).  Therefore, in order to prevail on a § 1983 claim, the Plaintiff must demonstrate that he was deprived of a constitutional right.  Section 1983 "does not provide a remedy for abuses that do not violate federal law."  Collins v. City of Harker Heights, 503 U.S. 115, 199, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992).  State law torts committed by state law actors are not constitutional rights and are not protected by § 1983.  See Madden v. City of Meriden, 602 F. Supp. 1160, 1166 (D.Conn. 1985).

The court has held that claims of sexual assault by a police officer do not fall under the Fourth Amendment. See Doe v. City of Hartford, District of Connecticut, No. Civ. A. 3:03CV1454 (JCH) (May 13, 2004, *Hall, J*). Specifically, Judge Hall held that "the Fourth Amendment is not the proper source for . . . claim[s] stemming from a sexual assault; instead, claims of rape or assault by a police officer are properly analyzed under the Fourteenth Amendment. See Jones v. Wellham, 104 F.3d 620, 628 (4th Cir. 1997)." Id. Therefore, the Plaintiff's claims of sexual assault and battery are properly analyzed under the Fourteenth Amendment's substantive due process clause.

"[T]he Supreme Court has enunciated two alternative tests by which substantive due process is examined. Under the first test, the plaintiff must prove that the governmental body's conduct 'shocks the conscience.' . . . . [W]ith regard to [the] 'shocks the conscience' test that [t]he acts must do more than offend some fastidious squeamishness or private sentimentalism . . . ; they must be such as to offend even hardened sensibilities, or constitute force that is brutal and offensive to human dignity . . . . [M]alicious and sadistic abuses of government power that are intended only to oppress or to cause injury and serve no legitimate government purpose unquestionably shock the conscience." (Citations omitted; internal quotation marks omitted). Delrio v. University of Connecticut Health Care, 292 F. Supp. 2d 412, 424 (D.Conn. 2003).

Here, the Plaintiff fails to allege and demonstrate that the Defendants have engaged in any activity that shocks the conscience.

"Under the second test, the plaintiff must demonstrate a violation of an identified liberty or property interest protected by the Due Process Clause." Id. "The plaintiff bears the burden of demonstrating the existence and infringement of a protected liberty or property interest. *See Frazier v. Coughlin,* 81 F.3d 313, 317 (2d Cir.1996)." Torres v. Droun, No. 301CV1844DJSTPS. (March 30, 2004, *Squatrito, J.*) 2004 WL 721729, *6 (D.Conn. 2004).

The Plaintiff claims that his protected interest is the right to be free from sexual assault and battery.  The Plaintiff, however, fails to provide any legal support for this contention.  In Dacosta v. Nwachakwa, 304 F.3d 1045, 1048-49 (11th Cir. 2002), the court held that a claim for intentional battery arose out of Georgia state law and was protected by Georgia's constitution.  Therefore, the court held that the plaintiff's right to be free from battery was a state law right and was not protected by the substantive due process clause.  Id. at 1048.  As in Dacosta, the claims of sexual assault and battery are Connecticut state law claims.  See Jones v. City of Hartford, 285 F. Supp. 2d 174, 188-89  (D.Conn.2003)(treating assault and battery as state law claims); Smith v. City of

New Haven, 166 F. Supp. 2d 636, 644 -45 (D.Conn. 2001) (defining Connecticut's state law claims of assault and battery).

The Plaintiff fails to provide any legal support for his contention that his right to be free from sexual assault and battery is a constitutionally protected liberty or property interest. Rather, the Plaintiff's right to be free from sexual assault and battery is derived from state law. Therefore, the right is not protected as liberty or property interests under the due process clause of the Fourteenth Amendment. Since the rights to be free from sexual assault and battery are state law claims and do not fall under the ambit of the Fourteenth Amendment, the Plaintiff cannot prevail on his § 1983 claims.

### B. The Plaintiff's Argument that the Town is Not Entitled to Judgment on His § 1983 Claim Fails

The Plaintiff argues that the Town is not entitled to judgment on the § 1983 claim because there is evidence that a custom or policy existed that caused the deprivation of the Plaintiff's constitutional rights. See Plt. Opposition Mem., pg. 10. In order to prevail on a § 1983 claim against a municipality the Plaintiff must show that the municipality's adoption of the custom or policy was "the moving force" behind the deprivation of a federal right. Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985). "[T]hus, in an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law." Id.

In this instance, the Plaintiff fails to demonstrate that his constitutional rights were violated. As stated previously, the Plaintiff's claims of sexual assault and battery do not rise to the level of constitutional deprivations. Since the Plaintiff cannot demonstrate that his constitutional rights were violated, he cannot prevail on his § 1983 claim against the Town. See Polk County v. Dodson, 454 U.S. 312, 326, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981) (dismissing § 1983 claim against Polk County because there was no deprivation of constitutional rights).

Additionally, the Plaintiff fails to identify the custom or policy that he asserts is the cause of the alleged constitutional violation. See Board of County Commissioners v. Brown, 520 U.S. 397, 403, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997). Specifically, the Plaintiff fails to allege or prove that the Town has a custom or policy of allowing its officers to commit sexual assault and battery against detainees or prisoners. Furthermore, the Plaintiff does not demonstrate that the supposed custom of allowing police officers to commit sexual assault and battery on detainees or prisoners is so widespread that it has the force of law. See Id. at 404.

The Plaintiff fails to allege or demonstrate the necessary elements of a § 1983 against a municipality. As such, the Town is entitled to judgment as a matter of law on the Plaintiff's § 1983 claim.

### C. **The Court Should Not Consider the Plaintiff's Local Rule 9 Statement**

As required under the Local Rules, the Plaintiff submitted a Local Rule 9 (2) 2 Statement in connection with his Opposition Memorandum.[1]  The Plaintiff denied paragraphs 13 and 17 of the Defendants' Local Rule 56 Statement.  In denying those paragraphs, the Plaintiff failed to comply with Local Rule 56.  Local Rule 56 provides that "each denial in an opponent's Local Rule 56(a) 2 Statement, must be followed by a specific citation to (1) the affidavit competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial . . . . Counsel . . . are hereby notified that failure to provide specific citations to evidence in the record as provided in this Local Rule may result in sanctions, including . . . when the opponent fails to comply, an order granting the motion."  Local Rule 56 (a) (3).

In this instance, the Plaintiff did not cite to an affidavit or other admissible evidence to support his denials to the Defendants' paragraphs 13 and 17.  As such, the Defendants request that the court appropriately sanction the Plaintiff, including deeming the statements in paragraphs 13 and 17 to be true.

---

[1] The Plaintiff improperly cited to Local Rule 9 in his Local Rule Statement.  Instead, the Plaintiff should have used the title Local Rule 56 (a) 2 Statement.  See Local Rule 56 (a) (2).

### III.     **CONCLUSION**

For the foregoing reasons, as well as the reasons set forth in the Motion for Summary Judgment, the Defendants, Town of Granby, Douglas Clark and Robert Castle, hereby request that the court grant their Motion for Summary Judgment.

        THE DEFENDANTS,
        TOWN OF GRANBY, DOUGLAS CLARK
        and ROBERT CASTLE


By:_____
    JOSEPHINE A. SPINELLA
    Silvester & Daly
    72 Russ Street
    Hartford, CT 06106
    Tel. (860) 278-2650
    Federal Bar No. CT24009

## **CERTIFICATION**

     I, Josephine A. Spinella, attorney for the Defendants, hereby certify that a copy of the foregoing has been mailed, postage prepaid, in the United States Mail, this 17th day of June, 2004 to:

Patsy M. Renzullo
65 Elm Street
P.O. Box 718
Winsted, CT 06098

                                         By:_____
                                                 JOSEPHINE A. SPINELLA
                                                 Silvester & Daly

Nai-love/reply Plt. Objection MSJ.061504