UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SEAN A. LOVE,                               :         NO. 302CV1960(EBB)

      Plaintiff

VS.                                         :

TOWN OF GRANBY, DOUGLAS CLARK
and ROBERT CASTLE

      Defendants                              :         JUNE 22, 2004

### PLAINTIFF'S SUPPLEMENTAL REPLY MEMORANDUM RE: SUMMARY JUDGMENT

I.    INTRODUCTION

Pursuant to Local Rule 7(d), the plaintiff submits this Supplemental Reply Memorandum in response to the defendants' Reply to Plaintiff's Opposition to Motion for Summary Judgment, dated June 17, 2004.

In their Motion for Summary Judgment, defendants assert that plaintiff has no cause of action under Title 42, U.S. Code, § 1983, regarding false arrest or false imprisonment because plaintiff was not found "not guilty" on the charges for which he was arrested by defendant police officers. Defendants then argued that if the false arrest and false imprisonment claims go down, the court should dismiss the "pendent state claim" alleging sexual assault and intimidation. Plaintiff responded that the sexual assault charge was not a "pendent state claim" because the alleged sexual assault made

the search and seizure "unreasonable." In other words, if the Constitution does not permit an unprovoked physical assault by a police officer on an arrestee, it also does not permit a sexual assault.

In their Reply dated June 17, 2004, defendants assert that the sexual assault claim must be a pendent state claim because, supposedly, state-law torts committed by state or local police "are not constitutional rights and are not protected by § 1983," Reply, p. 3 citing Madden v. City of Meriden, 602 F. Supp. 1160, 1166 (D. Conn. 1985).

## II.   LAW AND ARGUMENT

### A.   Defendants concede that sexual assault by a police officer is a violation of the Fourteenth Amendment.

Paragraphs 9-11 of the First Count of the Amended Complaint allege the sexual assault.

Paragraph 22 of the First Count states: "The conduct of defendants Clark and Castle, as set forth in Paragraphs 10, 11, 14, 16, 17, 18 and 20 above, constituted a violation of plaintiff's civil rights, in violation of the Fourth Amendment and the due process clause of the Fourteenth Amendment to the United States Constitution and Title 42, United States Code, Section 1983." (Emphasis added).

In their reply, the defendants say that the "court has held that claims of sexual assault by a police officer do not fall under the Fourth Amendment," citing <u>Doe v. City of Hartford</u>, D. Conn. No. 3:03CV-1454 (JCH) (May 13, 2004). Judge Hall said in the <u>Doe</u> case that "claims of rape or assault by a police officer are properly analyzed under the Fourteenth Amendment," citing <u>Jones v. Wellham</u>, 104 F.3d 620, 628 (4th Cir. 1997). Defendants then say, "Therefore, the Plaintiff's claims of sexual assault and battery are properly analyzed under the Fourteenth Amendment's substantive (sic) due process clause." Reply, p. 4.

If wrongful conduct by a police officer violates the due process clause of the Fourteenth Amendment, then it is not a "pendent state law claim." The allegations of the Amended Complaint allow the court to analyze the sexual assault claim under the Fourteenth Amendment.

The motion for summary judgment should be denied.

PLAINTIFF

By /s/ Patsy M. Renzullo
Patsy M. Renzullo
65 Elm Street, P.O. Box 718
Winsted, CT 06098
860-379-9885
Fed. Bar No. CT 11058