UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SEAN A. LOVE, : NO. 302CV1960(EBB)

    Plaintiff

VS. :

TOWN OF GRANBY, DOUGLAS CLARK
and ROBERT CASTLE

    Defendants : JULY 6, 2004

## TRIAL MEMORANDUM

I.    Trial counsel

    Plaintiff:    Patsy M. Renzullo
                    William T. Barrante
                    P.O. Box 718
                    Winsted, CT 06098
                    (860) 379-9885

    Defendant:   Frank Szilagyi
                    Josephine Spinella
                    Silvester & Daly
                    72 Russ Street
                    Hartford, CT 06106
                    (860) 278-2960

II.    Jurisdiction

    This is a civil rights case under Title 42, United States Code, Section 1983.

III.

    This is a jury case.

IV.     Nature of Case

The plaintiff has alleged that defendant Douglas Clark, a police officer in Granby, sexually assaulted him during an arrest, that defendant Robert Castle, the senior officer at the scene, did not discourage Clark from sexually assaulting plaintiff, that both defendants Clark and Castle later at the police station intimidated plaintiff through sexual innuendo, and that defendant Town of Granby, aware of Clark's tendency to abuse his authority, failed to properly train and supervise him.

As a result of the sexual assault and intimidation, plaintiff began to recall suppressed memories of sexual assault by his natural father when plaintiff was about four years old. This has caused recurrent nightmares, great fear of authority figures, agoraphobia, self-loathing and a tendency to mutilate himself. He is no longer able to hold a job. Plaintiff seeks compensatory damages, punitive damages and attorney's fees.

V.      Stipulations of Fact and Law

(A)     The parties agree to the following facts:

(1)     On November 11, 2000, at about 9:30 p.m., the plaintiff, then 19, was operating his automobile on Route 20 in Granby, Connecticut. There were three passengers, Ky Schieb, 21, and Amy Balfour and Jamie Leifert, both less than 18.

(2)     Defendant Clark, a Granby police officer, who was on duty in his police cruiser, noticed that plaintiff's tail lights were out and pulled plaintiff over into a lighted bank parking area.

(3)     Clark walked to the driver's window and asked plaintiff for license and registration.

(4)     Shortly thereafter, defendant Castle, another Granby police officer senior to Clark, pulled up in another cruiser.

(5)     Castle later walked up to the passenger side of plaintiff's car.

(6)     Clark claimed he smelled marijuana on plaintiff's breath and asked plaintiff to get out of the car and put his hands on the hood. Clark then performed a pat down of the plaintiff.

(7)     Both officers noticed that there were bottles of liquor in the car.

(8)     Clark gave plaintiff a field sobriety test, which Clark told plaintiff he failed.

(9)     The male officers also patted down the three passengers, including the minor females.

(10)    Plaintiff was arrested for failure to have operable tail lights and possession of liquor by a minor.

(11)    Ky Schieb was arrested for furnishing liquor to minors.

(12)    Miss Balfour and Miss Leifert were each arrested for possession of liquor by a minor.

(13)    Clark brought plaintiff and Mr. Schieb to the Granby police station in his car and placed the plaintiff and Ky Schieb in a metal cage next to the processing desk.

(14)   Castle waited at the scene of the stop with the minor girls until a tow truck came for plaintiff's car, and then brought the girls to the police station.

(15)   After processing at the police station, the Plaintiff was released to his mother and stepfather.

(B)   The parties agree to the following points of law:

(1)   A police officer may be liable to a person arrested if the officer sexually assaulted that person during the arrest, under the due process clause of the Fourteenth Amendment and Title 42, U.S. Code § 1983.

## VI.   Plaintiff's Contentions

During the pat down by defendant Clark, Officer Clark grabbed plaintiff's crotch and said to him, "You haven't been felt like this in a long time, you faggot." Later at the police station, both Clark and Castle intimidated plaintiff, causing plaintiff to fear being sent to a rear portion of the station house where he might be sexually assaulted by another prisoner they referred to as "Bubba."

Plaintiff also contends that the Town not only knew about Clark's abusive arrest record but encouraged him in being aggressive in making traffic stops. Castle, who was senior officer on duty, not only failed to keep Clark in line but was an enabler and also took part in the intimidation of plaintiff.

Plaintiff also contends that the Granby police department and the Town of Granby did not properly supervise police personnel or effectively discipline them for misconduct.

4

VII.   Defendants' Contentions

Defendants deny the sexual assault and the intimidation.

VIII.   Legal Issues

(A)   Did defendant Clark violate plaintiff's rights under the due process clause of the Fourteenth Amendment and Title 42, U.S. Code § 1983 when he sexually assaulted plaintiff during the arrest and later intimidated plaintiff at the police station?

(B)   Did defendant Castle violate plaintiff's rights under the due process clause of the Fourteenth Amendment and Title 42, U.S. Code § 1983, when he failed to supervise Clark's pat down of plaintiff, and later helped Clark intimidate plaintiff at the police station?

(C)   Was the defendant Town's lax supervision of defendant Clark part of a general policy of not effectively disciplining officers who show disrespect for people they are arresting or stopping?

(D)   Did the defendant Town adhere to a general policy rewarding officers by the number rather than quality of their arrests and thereby promoting a reckless attitude in officers such as Clark and Castle?

IX.   Voir Dire Questions

(A)   Have you or any member of your family or friend of yours ever been arrested for a crime?

(B) Have you or any member of your family, or friend of yours ever been arrested by a policeman incidental to the operation of a motor vehicle?

(C) Have you or any of your family members, or friend of yours ever been assaulted?

(D) Have your or any member of your family or any friend of yours ever been assaulted by a police officer?

(E) Have you or any of your relatives ever been associated in any way with a law enforcement agency?

(F) Is any member of your family now a law enforcement officer or has any member of your family ever been a law enforcement officer?

(G) Do you now have or have you ever had any friends who are police officers?

(H) Have you or any member of your family or any friend ever been sexually assaulted?

(I) Do you have any opinion as to drinking alcohol or the smoking of marijuana?

(J) Do you have an opinion as to the legalization of marijuana?

(K) Do you have an opinion as to the Rodney King case?

X.      List of Witnesses

   (A)   Sean A. Love
         115 West Street
         West Hartland, CT  06027

   He will testify about the sexual assault, his treatment by defendant police officers, and his resulting depression and psychological problems. He will also testify about his background and his life before and after the November 11, 2000 incident; his employment; and he will also testify regarding his treatment.

   (B)   Debbie Bishop
         115 West Street
         West Hartland, CT  06027

   She will testify as to how the police incident changed her son Sean's mental health and left him functionally disabled. She will also testify as to Sean's demeanor before and after November 11, 2000.

   (C)   Eliza Bishop
         115 West Street
         West Hartland, CT  06021

   Plaintiff's sister will testify as to plaintiff's demeanor before and after the events of November 11, 2000. Ms. Bishop will also testify regarding sexual molestation by their natural father.

(D) Michael A. Nelken, M.D.
117 Alston Avenue
New Haven, CT 06515

A psychiatrist who examined the plaintiff. Dr. Nelken will testify that the police incident was the cause of plaintiff's depression and other mental problems.

(E) Arthur W. Wright, Ph.D. and/or
Gerald W. Sazama, Ph.D.
147 Hillyndale Road
Storrs, CT 06268

These economists will testify that because of plaintiff's inability to hold a job, his net lost earning capacity, because of the police incident, is $2,302,476.00.

(F) Ky Schieb
134 Maple Street
Winsted, CT 06098

One of the passengers in plaintiff's car, Mr. Schieb will testify as to the sexual assault and intimidation by defendant police officers.

(G) Jamie Leifert
140 Rockwell Street
Winsted, CT 06098

Another passenger in plaintiff's car, Miss Leifert will testify about the sexual assault on Sean Love and that one of defendant officers, a male searched her at the scene of the arrest. She will also testify about plaintiff's condition before the assault.

8

(H)     Amy Balfour
        115 Standard Avenue
        Winsted, CT  06098

The third passenger in plaintiff's car, Miss Balfour will testify about defendant Clark's frisking of plaintiff and that one of the officers, a male, searched her at the scene of the arrest. She will also testify about plaintiff's condition before the assault.

(I)     Tracy Michaud or other representative of
        Hitchcock Chair Company
        31 Industrial Park Road
        New Hartford, CT  06057

She will testify about plaintiff's work experience at Hitchcock before and after November 11, 2000.

(J)     David L. Watkins
        Police Chief, Town of Granby
        Granby, CT

Chief Watkins will testify regarding department activities prior to and around the date of the arrest. Chief will also testify as to prior citizen complaints against Officer Clark and department action in response to such complaints. He will also testify regarding secret memorandums related to activities of police personnel contained only his computer.

9

XI.     Exhibits

    (A)     Dr. Nelken's report, dated 6-9-03;

    (B)     Dr. Nelken's addendum to his report, dated 4-2-04;

    (C)     Dr. Nelken's billings;

    (D)     Economic report of Drs. Sazama and Wright, March 2004;

    (E)     Billing of Drs. Sazama and Wright, 6-2-04;

    (F)     CVS Pharmacy summary of prescription drugs obtained by plaintiff and cost of each;

    (G)     McCall Foundation billing summary;

    (H)     Billing record from Catholic Family Services;

    (I)     Charlotte Hungerford Hospital group therapy (partial hospital program) report;

    (J)     Charlotte Hungerford Hospital billings;

    (K)     McCall Foundation billings, discharge summary and reports, 2-27-01 to 11-7-01;

    (L)     A series of photographs (16) of Granby police station;

    (M)     Photograph of Sean prior to November 11, 2000;

    (N)     Photograph of site of stop.

XII.   Deposition Testimony

At this time no witness is expect to testify by deposition at the trial.

XIII.   Requested Jury Instructions

(A)   TESTIMONY OF POLICE OFFICER AND PERSON ARRESTED

The testimony of a police officer is entitled to no special sanctity or credibility simply because the witness is a law enforcement officer. A police officer who takes the witness stand subjects his testimony to the same examination and the same tests as any other witness. The testimony of people employed by the government, including police officers, is entitled to no more or less credibility than the testimony of any other witness. As with any other witness, it is exclusively the province of the jury to give the testimony of a police officer the credibility or weight you think it deserves.

Just as you are not to accord any greater or lesser weight to the testimony of a witness simply because he is a police officer, you also may not accord any lesser or greater weight to the plaintiff's testimony of a witness simply because he or she was arrested. Use the same tests to judge the credibility of each witness and make your judgment based on a fair evaluation of all the evidence.

(B)     THE STATUTE: 42 U.S.C. § 1983

This case is brought under a federal civil rights law which provides a remedy for individuals who have been deprived of their constitutional rights under color of state law. The relevant part of Section 1983 of Title 42 of the United States Code states:

Every person who, under color of any statute, ordinance, regulation, custom or usage of any state...subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

(C)     PURPOSE OF THE STATUTE

Section 1983 creates a remedy for persons who have been deprived of rights, privileges and immunities secured to them by the United States Constitution and federal statutes. Before Section 1983 was enacted in 1871, people so injured were not able to sue state or local officials for money damages in federal court. In enacting the statute, Congress intended to create a remedy as broad as the protection provided by the Fourteenth Amendment and federal laws.

Section 1983 was enacted to give people a federal remedy enforceable in federal court because it was feared that adequate protection of federal rights might not be available in state courts. However, even if a state does provide adequate protection, as many states do, a person is still allowed to pursue this federal remedy.

(D)     ELEMENTS OF A SECTION 1983 CLAIM

To establish a claim under Section 1983, plaintiff must establish, by a preponderance of the evidence, each of three elements:

First, that the conduct complained of was committed by a person acting under color of state law;

Second, that this conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States; and

Third, that the acts of the defendant were the proximate cause of the injuries and consequent damages which the plaintiff claims he sustained.

I shall now examine each of the three elements in greater detail.

(E)   SECTION 1983: FIRST ELEMENT - COLOR OF STATE LAW

The first element is that the defendant you are considering acted under color of state law. In this case, although defendants deny Mr. Love's allegations that they violated his Constitutional rights, it is agreed that whatever the defendant did was in fact done under color of state law, because acting under color of state law simply means in their capacity as employees of the Town of Granby or as the Town of Granby itself.

So you may take the first element as proved for each of the three defendants.

(F)   SECTION 1983: SECOND ELEMENT – DEPRIVATION OF RIGHT
       GENERAL INSTRUCTIONS

The second element of a Section 1983 claim is that plaintiff was deprived of a federal right by one or more of the defendants.

Deciding this issue is not so easy as determining whether a defendant was acting under color of state law. You have to be concerned with competing interests, both of which are very important. On the one hand, there is the interest of each citizen in enjoying his constitutional rights. On the other hand, there is the interest of society in the performance of a police officer's duties. There are standards for you to apply by which the law tries to accommodate both these interests, and I will explain those standards to you.

Plaintiff has alleged that defendant Clark subjected him to an unconstitutional use of force in the form of a sexual assault and that defendant Clark was deliberately indifferent to defendant Clark's conduct.

Plaintiff has also alleged that defendant Town of Granby, through its police department, was deliberately indifferent to defendant Clark's propensity to abuse his authority, and that the police chief praised defendant Clark for his traffic arrest "Numbers" and encouraged defendant Clark in making DWI arrests.

I will now tell you more about what Mr. Love must prove to make out these constitutional violations.

(1)    FOURTEENTH AMENDMENT: DENIAL OF DUE PROCESS

The plaintiff alleges that in the course of the pat down or searching him during a traffic stop, defendant Clark grabbed his crotch and said, "You haven't been felt like this in a long time, you faggot." This is the nature of the alleged sexual assault.

If plaintiff has proved, by a fair preponderance of the evidence, that Officer Clark committed the sexual assault as alleged, then you must find that such conduct violated plaintiff's right to due process under the due process clause of the Fourteenth Amendment. Jones v. Wellham, 104 F.3d 620, 628 (4th Cir. 1997).

A police officer's conduct will violate the substantive due process protected by the Fourteenth Amendment if the officer's conduct shocks the conscience so as to offend even hardened sensibilities or constitutes force that is offensive to human dignity. Delrio v. University of Connecticut Health Center, 292 F. Supp.2d 412, 424 (D.Conn. 2003).

A police officer may use force in a search or in an arrest only if the person arrested resists or fights back. Moore v. Bishop, 338 F.Supp. 513 (D. Tenn. 19____). The evidence clearly shows that Mr. Love did not resist either the pat down or the arrest in any way. Therefore, if you find that defendant Clark sexually assaulted the plaintiff, you must find a violation of plaintiff's right to due process under the Fourteenth Amendment and also a violation of his civil rights under Section 1983. Doe v. City of Hartford, D. Conn. No. Cir. A. 3:03CV1454 (JCH), May 13, 2004, Hall, J.

(2)   FOURTEENTH AMENDMENT: INDIFFERENCE TO PLAINTIFF'S RIGHTS

Plaintiff alleges that defendant Castle, Officer Clark's senior officer on duty, was deliberately indifferent to Officer Clark's treatment of plaintiff, both at the scene of the arrest and at the police station. Deliberate indifference requires more than negligence, but less than conduct undertaken for the purpose of causing harm. Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994).

In order for you to find for plaintiff against Officer Castle's you must find three things:

(a)   Mr. Love was sexually assaulted by defendant Clark in the presence of or in the vicinity of defendant Castle;

(b)   Officer Castle was aware or should have been aware that Officer Clark was abusing his power; and

(c)   Officer Castle deliberately or intentionally failed to keep close supervision over Officer Clark, who had a record of abusing his authority.

(3)   FOURTEENTH AMENDMENT: LIABILITY OF TOWN

A town may be liable for the misdeeds of its police officers if it has a policy, written or unwritten, as to lax discipline of police officers. In this case the plaintiff has presented evidence that the officer in charge of the police

department at the time of the incident, Captain (later Chief) Watkins, approved of defendant Clark's aggressive arrest tactics and kept secret files of his own to use against officer, not to protect the public. These files were not known to the town's personnel people.

If you conclude that amounted to a policy of deliberate indifference which was an ongoing police policy, then you must find the Town liable.

XIV.   Anticipated Evidentiary Problems

None at this time.

XV.   Trial Time

The trial should take five days.


PLAINTIFF

By /s/ Patsy M. Renzullo
Patsy M. Renzullo
65 Elm Street, P.O. Box 718
Winsted, CT  06098
860-379-9885
Fed. Bar No.  CT 11058

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed on the above date to counsel as follows:

Attorney Josephine A. Spinella
Silvester & Daly
72 Russ Street
Hartford, CT  06106

_____
Patsy M. Renzullo