UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SEAN A. LOVE | : | CASE NO. 302CV1960 (EBB) |
|     Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| TOWN OF GRANBY, DOUGLAS CLARK | : | |
| and ROBERT CASTLE | : | |
|     Defendants | : | JULY 6, 2004 |

**DEFENDANT'S PROPOSED JURY CHARGE**

**I.   CREDIBILITY OF WITNESSES**

The credibility of witnesses and the weight to be given to their testimony are matters for you as jurors to determine. However, there are some principles that you should keep in mind. No fact is, of course, to be determined merely by the number of witnesses who testify for or against it; it is the quality and not the quantity of testimony that controls. In weighing the testimony of each witness you should consider the witness' appearance on the stand and whether the witness has an interest of whatever sort in the outcome of the trial. You should consider a witness' opportunity and ability to observe facts correctly and to remember them truly and accurately, and you should test the evidence each witness gives you by your own knowledge of human nature and the motives that influence and control human actions. You may consider the

reasonableness of what the witness says and the consistency or inconsistency of his or her testimony. You may consider his or her testimony in relation to facts that you find to have been otherwise proven. You may believe all of what a witness tells you, some of what a witness tells you, or none of what a particular witness tells you. You need not believe any particular number of witnesses and you may reject uncontradicted testimony if you find it reasonable to do so. In short, you are to apply the same considerations and use the same sound judgment and common sense that you use for questions of truth and veracity in your daily life.

## II.     **IMPEACHMENT BY PRIOR CONVICTION**

You have heard testimony that the Plaintiff in this case has been convicted of felony offenses, that is, an offense punishable by more than one year in jail. This conviction was put into evidence only for you to consider in evaluating the Plaintiff's credibility as a witness. You may consider the fact that the Plaintiff has been convicted or a felony in deciding how much or his testimony to accept and what weight, if any, it should be given.

While the fact that the Plaintiff has been convicted of a crime can be considered in evaluating his credibility, you must be careful not to let the details of the crime for which he was convicted improperly influence your consideration of the evidence in this

case. The Plaintiff is not on trial in this case for any crime. He did not lose his constitutional rights when he was convicted of a felony.

### III.     42 U.S.C. § 1983

The Plaintiff claims that the Defendants violated his constitutional right to be free from sexual assault and battery by a police officer, as provided under the Fourteenth Amendment. He brings this claim under a federal law, 42 U.S. Code § l983, that provides that a person acting under color of state law who violates a person's rights under the United States Constitution can be held liable for money damages to the person whose rights he has violated.

In order to prove this claim, the Plaintiff must prove:

First, that the Defendants were acting under color of state law;

Second, that the Defendants engaged in actions that deprived him of his constitutional right not to be subjected to sexual assault and battery; and

Third, that the Defendants' acts were the proximate cause of the injuries or losses claimed by the Plaintiff.

**1.     Color of Law**

The first element, acting under color of state law, is not in dispute.

Police officers get their authority under state law, so they are acting under color of state law when they act in their capacity as police officers.  <u>Monsky v. Moraghan</u>, 127 F.3d 243, 245 (2d Cir. 1997).

### 2.     Assault and Battery

The second element requires more explanation.  The Plaintiff claims that his Fourteenth Amendment right to substantive due process was violated by the police officers' acts of sexual assault and battery.

"[T]he Supreme Court has enunciated two alternative tests by which substantive due process is examined. Under the first test, the Plaintiff must prove that the governmental body's conduct 'shocks the conscience.' . . . . [W]ith regard to [the] 'shocks the conscience' test that [t]he acts must do more than offend some fastidious squeamishness or private sentimentalism . . . ; they must be such as to offend even hardened sensibilities, or constitute force that is brutal and offensive to human dignity . . . . [M]alicious and sadistic abuses of government power that are intended only to oppress or to cause injury and serve no legitimate government purpose unquestionably shock the conscience."  (Citations omitted; internal quotation marks omitted).  <u>Delrio v. University of Connecticut Health Care</u>, 292 F. Supp. 2d 412, 424 (D.Conn. 2003).

4

"Under the second test, the Plaintiff must demonstrate a violation of an identified liberty or property interest protected by the Due Process Clause." Id. "The Plaintiff bears the burden of demonstrating the existence and infringement of a protected liberty or property interest. See Frazier v. Coughlin, 81 F.3d 313, 317 (2d Cir.1996)." Torres v. Droun, No. 301CV1844DJSTPS, (March 30, 2004, *Squatrito, J.*) 2004 WL 721729, *6 (D.Conn. 2004).

It is these constitutional standards, rather than the text of any state statute or any departmental regulation, that should govern your consideration of this claim.

Authority:

Delrio v. University of Connecticut Health Care, 292 F. Supp. 2d 412, 424 (D.Conn. 2003); Torres v. Droun, No. 301CV1844DJSTPS, (March 30, 2004, *Squatrito, J.*) 2004 WL 721729, *6 (D.Conn. 2004).

### 3.    Proximate Cause

The third element that the Plaintiff must establish is that the Defendants' assault and battery were the proximate causes of the injuries or losses that the Plaintiff sustained. An injury or loss is proximately caused by an action if that action was a substantial factor in bringing about the injury or the loss. The injury or loss must also be either a direct result or a reasonably probable consequence of the acts of the

Defendants. In other words, the Plaintiff must satisfy you that his/her injuries or losses were the natural and probable consequence of a Defendant's acts, and that the Defendant ought to have foreseen that injury or loss was likely to result from such acts.

Authority:

Monsky v. Moraghan, 127 F.3d 243 (2d Cir. 1997); Graham v. Connor, 490 U.S. 386, 396, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989); U.S. Constitution, amend. IV; 42 U.S.C. § 1983.

## IV. **QUALIFIED IMMUNITY**

The Plaintiff's federal civil rights claims are that the police sexually assaulted him and committed a battery when arresting him. If the jury finds that a Defendant is liable to the Plaintiff on a particular claim, the court must then consider whether that Defendant is shielded from such liability on that claim because of the doctrine of qualified immunity. Even though the issue qualified immunity may depend upon the resolution of factual issues, it remains an issue of law to be decided by the court. See, e.g. Stein v. Board of City of New York, 792 F.2d 13, 18 (2d Cir. 1988). The Second Circuit Court of Appeals has made it clear that the jury should not be allowed to decide the ultimate issue of qualified immunity. In Warren v. Dwyer, 906 F.2d 70 (2d Cir. 1990), the court affirmed a jury charge given in a § 1983 false arrest case which asked

the jury to make a finding on the arresting officer's "reasonable belief" that the Plaintiff had committed a crime.  The court stated: "The better rule, we believe, is for the court to decide the issue of qualified immunity as a matter of law. . . . If there are unresolved factual issues which prevent an early disposition of the defense, the jury should decide these issues on special interrogatories.  Id. at 76.

Law enforcement officers, such as the Defendants, are shielded from liability for civil damages when performing discretionary duties or functions insofar as their conduct does not violate any clearly established statutory or constitutional rights of which a reasonable person would have known; Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982); or insofar as it was objectively reasonable for them to believe that their acts did not violate such clearly established rights.  Id. at 814.  In the context of this case, to establish the defense of qualified immunity, a Defendant must demonstrate, by a preponderance of the evidence, that it was objectively reasonable for him to believe that his actions did not violate any clearly established right of the Plaintiff -- in other words, that a reasonable police officer in the Defendant's situation could believe his conduct to be lawful.

If the jury finds that the Plaintiff's right not to be free from sexual assault and battery was violated by a Defendant, but also finds that police officers of reasonable

competence could disagree as to whether the police officers violated clearly established rights, then that Defendant is entitled to qualified immunity on that claim and is not liable to the Plaintiff on that claim.  Malley v. Briggs, 475 U.S. 335, 341, 106 S. Ct. 1092, 89 L. Ed. 2d 271 (1986).

In this case, the only question that the jury needs to resolve in order for the court to determine the issue of qualified immunity is: did the police officers act reasonably in light of the circumstances? To the extent the court seeks to have an express finding by the jury on this issue, this can be accomplished by furnishing an interrogatory to the jury, as set forth in the Defendants' Proposed Jury Interrogatories.

Authority:

Harlow v. Fitzgerald, 457 U.S. 800, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982); Malley v. Briggs, 475 U.S. 335, 106 S. Ct. 1092, 89 L. Ed. 2d 271 (1986); Stein v. Board of City of New York, 792 F.2d 13 (2d Cir. 1988); Warren v. Dwyer, 906 F.2d 70 (2d Cir. 1990).

**V.    42 U.S.C. § 1983 FOR FALSE ARREST CLAIM**

In addition to his claim of sexual assault and battery, the Plaintiff claims that the Defendants violated his constitutional right not to be falsely arrested by a police officer. He brings this claim under federal law 42 U.S. Code §1983, that provides that a person acting under color of state law who violates a person's rights under the United States

Constitution can be held liable for money damages to the person whose rights she has violated.

In order to prove this claim, the Plaintiff must prove:

First, that the Defendants were acting under color of state law;

Second, that the Defendants engaged in actions that deprived him of his constitutional right not to be falsely arrested; and

Third, that the Defendants' acts were the proximate cause of the injuries or losses claimed by the Plaintiff.

The Plaintiff claims that he was unlawfully arrested, and deprived of his liberty without due process of law, by the Defendants, because he was arrested in the absence of probable cause.

One is deprived of liberty without due process of law if he is arrested other than as authorized by the law.  Under the constitution, a person may not be arrested except on the basis of probable cause.  The Defendants contend that they had probable cause to arrest the Plaintiff.

Probable cause exists when an objectively reasonable person would believe that a suspect has committed or is committing a crime.  See Golino v. City of New Haven, 950 F.2d 864, 870 (2d Cir. 1991).  Stated differently, probable cause is the knowledge

of facts, actual or apparent, strong enough to justify a reasonable person in the belief that he or she has lawful grounds for prosecuting the suspect.  The determination of probable cause must be based on the totality of the circumstances.  <u>Gagne v. DeMarco</u>, 281 F. Sup. 2d 390, 396 (D.Conn. 2003).  Thus, it must appear, based on all the circumstances then known to the officer, that the officer had reasonable grounds to believe that a crime had been or was being committed and that the suspect committed it.  You have heard evidence as to information the Defendants learned after he arrested the Plaintiff.  It is required that probable cause be based on only the information known to the police officers at the time they made the arrest.

  In making the determination as to what circumstances were then known to an officer, one must give effect to the collective knowledge doctrine.  Under the collective or imputed knowledge doctrine, an arrest or search is permissible where the actual arresting or searching officer lacks the specific information to form the basis for probable cause or reasonable suspicion but sufficient information to justify the arrest or search was known by other law enforcement officials initiating or involved with the investigation.  <u>Id.</u>  The rule exists because, in light of the complexity of modern police work, the arresting officer cannot always be aware of every aspect of an investigation; sometimes his authority to arrest a suspect is based on facts known only to his

superiors or associates. Within police departments, the officer who receives information justifying an individual's detention often is not the officer who acts on the information. Daily bulletins, computer messages and radio broadcasts alert officers in the field about those suspected of criminal activity.

In determining whether an officer had reasonable grounds to believe that a suspect had committed an offense, the facts known to the officer need not meet the standard of conclusiveness upon which a conviction must be based. Rather, the actions of the officer in making an arrest are to be measured by the test of what a reasonable person would have believed under the same circumstances.

Remember, it is not for you to decide whether the Plaintiff actually committed the offense, but whether a person would have had reasonable grounds for concluding that the Plaintiff had probably committed a crime.

In defining or applying probable cause, it is instructive to understand what is <u>not</u> probable cause. For instance, evidence sufficient to establish probable cause is substantially less than that, required for conviction. Thus, it is not expected that police officers be "curb side legal technicians." In fact, law enforcement authorities are permitted and expected to draw reasonable inferences based upon their knowledge and experience. Under the Fourth Amendment arrest standard, considerable uncertainty

must be tolerated because of the need to allow police officers to take affirmative action in ambiguous circumstances. The Constitution, therefore, does not guarantee that only guilty persons will be arrested. Police officers are accordingly allowed to make reasonable mistakes. On the other hand, probable cause is not a mere hunch, surmise or conjecture.

If you find, based on the circumstances you conclude were observed and investigated by the Defendants, that no probable cause existed for the arrest of the Plaintiff, then the Plaintiff would have proven his claim that the Defendant in question unlawfully arrested him.

### VI.     **QUALIFIED IMMUNITY FOR FALSE ARREST CLAIM**

The Plaintiff claims that he was falsely arrested. If the jury finds that a Defendant is liable to the Plaintiff on a particular claim, the court must then consider whether that Defendant is shielded from such liability on that claim because of the doctrine of qualified immunity. Even though the issue of qualified immunity may depend upon the resolution of factual issues, it remains an issue of law to be decided by the court. See, e.g. Stein v. Board of City of New York, 792 F.2d 13, 18 (2d Cir. 1988). The Second Circuit Court of Appeals has made it clear that the jury should not be allowed to decide the ultimate issue of qualified immunity. In Warren v. Dwyer, 906 F.2d 70 (2d Cir.

1990), the court affirmed a jury charge given in a § 1983 false arrest case which asked the jury to make a finding on the arresting officer's "reasonable belief" that the Plaintiff had committed a crime. The court stated: "The better rule, we believe, is for the court to decide the issue of qualified immunity as a matter of law. . . . If there are unresolved factual issues which prevent an early disposition of the defense, the jury should decide these issues on special interrogatories. Id. at 76.

Law enforcement officers, such as the Defendants, are shielded from liability for civil damages when performing discretionary duties or functions insofar as their conduct does not violate any clearly established statutory or constitutional rights of which a reasonable person would have known; Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982); or insofar as it was objectively reasonable for them to believe that their acts did not violate such clearly established rights. Id. at 814. In the context of this case, to establish the defense of qualified immunity, a Defendant must demonstrate, by a preponderance of the evidence, that it was objectively reasonable for him to believe that his actions did not violate any clearly established right of the Plaintiff -- in other words, that a reasonable police officer in that Defendant's situation could believe his conduct to be lawful.

If the jury finds that the Plaintiff's right not to be free from sexual assault and battery was violated by a Defendant, but also finds that police officers of reasonable competence could disagree as to whether the police officers violated clearly established rights, then that Defendant is entitled to qualified immunity on that claim and is not liable to the Plaintiff on that claim. Malley v. Briggs, 475 U.S. 335, 341, 106 S. Ct. 1092, 89 L. Ed. 2d 271 (1986).

In this case, the only question that the jury needs to resolve in order for the court to determine the issue of qualified immunity is: did the police officers reasonably believe, in light of the circumstances, that probable cause existed to arrest the Plaintiff? To the extent the court seeks to have an express finding by the jury on this issue, this can be accomplished by furnishing an interrogatory to the jury, as set forth in the Defendants' Proposed Jury Interrogatories.

Authority:

Harlow v. Fitzgerald, 457 U.S. 800, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982); Malley v. Briggs, 475 U.S. 335, 106 S. Ct. 1092, 89 L. Ed. 2d 271 (1986); Stein v. Board of City of New York, 792 F.2d 13 (2d Cir. 1988); Warren v. Dwyer, 906 F.2d 70 (2d Cir. 1990).

**VII.** **PROPOSED JURY INTERROGATORIES**

    1.    Did the Defendant police officers act reasonably when they patted down the Plaintiff and arrested the Plaintiff?

    2.    Did the Defendant police officers reasonably determine, in light of the circumstances, that probable cause existed to arrest the Plaintiff?

THE DEFENDANTS,
TOWN OF GRANBY, DOUGLAS CLARK
and ROBERT CASTLE

By:_____
JOSEPHINE A. SPINELLA
Silvester & Daly
72 Russ Street
Hartford, CT 06103
Tel. (860) 278-2650
Federal Bar No. CT24009

## **CERTIFICATION**

      I, Josephine A. Spinella, attorney for the Defendants, hereby certify that a copy of the foregoing has been mailed, postage prepaid, in the United States Mail, this 6th day of July, 2004 to:

Patsy M. Renzullo, Esq.
65 Elm Street
P.O. Box 718
Winsted, CT 06098

                                By:_____
                                    JOSEPHINE A. SPINELLA
                                    Silvester & Daly

nai-love/jury charge.063004