UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SEAN A. LOVE | : | CASE NO. 302CV1960 (EBB) |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| TOWN OF GRANBY, DOUGLAS CLARK | : | |
| and ROBERT CASTLE | : | |
| Defendants | : | JULY 6, 2004 |

## DEFENDANTS' TRIAL MEMORANDUM

**1.    TRIAL COUNSEL**

      Plaintiff's counsel:      Patsy Renzullo
                                        Renzullo & Associates
                                        65 Elm Street, P.O. Box 718
                                        Winsted, CT 06098
                                        (860) 379-9885

      Defendants' counsel:     Frank J. Szilagyi
                                          Josephine A. Spinella
                                          Silvester & Daly
                                          72 Russ Street
                                          Hartford, CT 06106
                                          (860) 278-2650

**2.    JURISDICTION**

The Plaintiff brings this cause of action under 42 U.S.C. § 1983. Federal Jurisdiction is founded upon 28 U.S.C. § 1331. The Defendants claim that if their Motion for Summary Judgment is granted the court lacks subject matter jurisdiction.

**3.    JURY/NON-JURY**

This case has been claimed for a jury trial.

**4.    NATURE OF CASE**

The Plaintiff makes claims under 42 U.S.C. § 1983 for violations of his Fourth and Fourteenth Amendment Rights; false arrest; false imprisonment; sexual assault; and battery.  The Plaintiff seeks monetary relief.

**5.    STIPULATIONS OF FACT**

1.    The Plaintiff is a resident of West Hartland, Connecticut.

2.    The Defendant, Town of Granby, is a municipal corporation organized under the laws of the State of Connecticut.

3.    The Defendants, Douglas Clark and Robert Castle, were at all times relevant hereto, police officers for the Town of Granby.

4.    On or about November 11, 2000, the Plaintiff was operating a motor vehicle on East Granby Road in the Town of Granby.

5.    The Plaintiff's date of birth is January 13, 1981.

6.    At approximately 21:29 hours, Officer Clark was on duty and monitoring the traffic from a fixed position at the intersection of East Granby Road and Park Place.

7. While monitoring traffic, Officer Clark observed the motor vehicle operated by the Plaintiff traveling eastbound on East Granby Road with inoperable tail lamps.

8. Officer Clark activated his emergency lights and proceeded to stop the motor vehicle.

9. The motor vehicle was stopped in the driveway of Fleet Bank, 26 East Granby Road.

10. The motor vehicle had a Connecticut registration marker plate "311NDY" and is registered to a green, 1992 Oldsmobile Achieva, owned by Sean A. Love, date of birth. 1/13/81, of 115 West Street, West Hartland, Connecticut.

11. The motor vehicle was occupied by two (2) males, Sean A. Love and Ky L. Schieb, date of birth 1/22/79; and two (2) females, Amy M. Balfour, date of birth 10/5/84; and Jamie L. Leifert, date of birth 4/12/83.

12. Officer Castle arrived at the scene after the motor vehicle was stopped.

13. Officer Clark asked the Plaintiff where they were going and the Plaintiff told Officer Clark that they were going to a club in East Windsor.

14. Officer Clark told the Plaintiff that he stopped the motor vehicle because the tail lamps were not working.

15. Officer Clark found a 40 ounce bottle of Colt 45 beer underneath the front seat, driver's side of the vehicle.

16. Officer Clark asked Schieb to get out of the motor vehicle and take the bottle with him.

17. The bottle was still cold.

18. Officer Clark performed a Terry pat down of Schieb.

19. Officer Clark found several bottles of alcohol in the motor vehicle.

20. Officer Clark asked the Plaintiff to get out of motor vehicle.

21. The Plaintiff exited the motor vehicle.

22. Officer Clark patted down the Plaintiff.

23. Officer Clark detected alcohol on the Plaintiff's breath and the odor of marijuana on the Plaintiff's body.

24. The Plaintiff told Officer Clark that he had used marijuana earlier.

25. The Plaintiff told Officer Clark that he consumed alcoholic beverages.

26. Schieb was handcuffed and arrested and put in Officer Clark's patrol car.

27. The Plaintiff was handcuffed and arrested and put in Officer Clark's patrol car.

28. Officer Clark transported Schieb and the Plaintiff to the Granby Police Department,

29. Officer Clark patted down Leifert and Balfour.

30. Officer Castle took Leifert and Balfour into custody and put them in his patrol car.

31. Officer Castle waited at the scene for a tow truck to remove the Plaintiff's motor vehicle.

32. The Plaintiff was fingerprinted and processed at the Granby Police Department.

33. The Plaintiff was charged with Possession of Alcohol by a Minor, General Statutes § 30-89b; and Failure to Have Tail Lamps; General Statutes § 14-96c.

34. The Plaintiff was given a written warning for Failure to have Tail Lamps, General Statutes § 14-96c; and Possession of Alcohol by a Minor in a Motor Vehicle, General Statutes § 14-111a.

35. The Plaintiff was released on a $500 non-surety bond.

36. The Plaintiff performed twenty (20) hours of community service in exchange for a nolle of the charges.

**6.    PLAINTIFF'S CONTENTIONS**

The Plaintiff claims that Officer Clark sexually assaulted and committed a battery when the Plaintiff was patted down and arrested. Specifically, the Plaintiff claims that Officer Clark inappropriately grabbed the Plaintiff's scrotum during the pat down. The Plaintiff also claims that Officer Clark threatened him while he was incarcerated at the Granby Police Department. As a result of these actions, the Plaintiff contends that he has suffered physically and emotionally and is unable to secure gainful employment. The Plaintiff claims that the Defendants' behavior triggered him to have flashbacks of his father sexually abusing him.

**7.    DEFENDANTS' CONTENTIONS**

The Defendants' deny that Officer Clark acted inappropriately when he patted down the Plaintiff. Both Defendants deny that they threatened or intimidated the Plaintiff.

The Defendants contend that there is no causal connection between the arrest on November 11, 2000, and the Plaintiff's claimed physical and emotional problems.

**8.    LEGAL ISSUES**

The Defendants assert that the Plaintiff cannot recover for false arrest or false imprisonment because the Plaintiff did not receive a favorable termination on the underlying criminal charges. See Roesch v. Otorala, 980 F.2d 850, 853 (2d Cir. 1982).

Alternatively, the Defendants claim that they are protected by the doctrine of qualified immunity on the Plaintiff's § 1983 claims. The Defendants argue that they did not unreasonably when they arrested the Plaintiff and that probable cause existed for the Plaintiff's arrest. See Martinez v. Simonetti, 202 F.3d 625, 634 (2d Cir. 2000). The Defendants also claim that they did not violate the Plaintiff's constitutional rights. See Ruiz v. Herrera, 745 F. Sup. 940, 946 (S.D.N.Y. 1990).

The Defendants also claim that the Town is entitled to immunity because the Plaintiff cannot prevail on a Monell claim. Specifically, the Plaintiff cannot prove that a custom or policy existed regarding sexually assaulting and committing batteries against prisoners.

**9.    VOIR DIRE QUESTIONS**

1. Have you, a family member or close friend been arrested by police?

2. Have you had a negative experience with police?

3. Have you, a family member or close friend filed any claims or complaint against a police officer?

      4.      Are you friendly with any police officers?

      5.      Are you, a family member or close friend under the care of a psychiatrist or a psychologist?

**10.**    **LIST OF WITNESSES**

      a.      Officer Douglas Clark, Middletown Police Department, 222 Main Street, Middletown, CT 06457, is expected to testify about the circumstances surrounding the Plaintiff's arrest, including the motor vehicle stop and the processing of the Plaintiff.

      b.      Sergeant Robert Castle, Granby Police Department, 15 North Granby Road, Granby, CT 06035, is expected to testify about the circumstances surrounding the Plaintiff's arrest, including the motor vehicle stop and the processing of the Plaintiff.

      c.      Walter Borden, M.D., 10 North Main Street, West Hartford, CT 06107, is expected to testify about the Plaintiff's medical condition and the lack of a causal connection between said condition and the events surrounding the arrest.

      d.     Amy Balfour, 116 Standard Avenue, Winsted, CT 06098, is expected to testify about the circumstances surrounding the Plaintiff's arrest, including the events leading up to the arrest.

      e.     Jamie Leifert, 220 Gilbert Avenue, Winsted, CT 06098, is is expected to testify about the circumstances surrounding the Plaintiff's arrest, including the events leading up to the arrest.

**11.**   **EXHIBITS**

    a.    Plaintiff's medical records

**12.**   **DEPOSITION TESTIMONY**

The Defense does not anticipate that any witness will be testifying by deposition at trial.

**13.**   **REQUESTS FOR JURY INSTRUCTIONS**

See Attached

**14.**   **ANTICIPATED EVIDENTIARY PROBLEMS**

The Defense does not anticipate any evidentiary problems at trial.

**15.**   **TRIAL TIME**

The Defendants anticipate that the trial will last approximately three (3) days.

**16.**   **ELECTION FOR TRIAL BY MAGISTRATE**

The parties have not agreed to have the case tried by a United States Magistrate.

                                  THE DEFENDANTS,
                                  TOWN OF GRANBY, DOUGLAS CLARK
                                  and ROBERT CASTLE

                                By:_____
                                  JOSEPHINE A. SPINELLA
                                  Silvester & Daly
                                  72 Russ Street
                                  Hartford, CT 06103
                                  Tel. (860) 278-2650
                                  Federal Bar No. CT24009

## **CERTIFICATION**

      I, Josephine A. Spinella, attorney for the Defendants, hereby certify that a copy of the foregoing has been mailed, postage prepaid, in the United States Mail, this 6th day of July, 2004 to:

Patsy M. Renzullo, Esq.
65 Elm Street
P.O. Box 718
Winsted, CT 06098

                    By:_____
                         JOSEPHINE A. SPINELLA
                         Silvester & Daly

nai-love/trial memo.07104