FILED
Jul 15  2 13 PM '04

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| SEAN A. LOVE : | CASE NO. 302CV1960 (EBB) |
| Plaintiff : | |
| : | |
| v. : | |
| : | |
| TOWN OF GRANBY, DOUGLAS CLARK : | |
| and ROBERT CASTLE : | |
| Defendants : | JULY 14, 2004 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE

### I.  INTRODUCTION

The Defendants, Town of Granby, Douglas Clark and Robert Castle, hereby submit this Memorandum of Law in Support of Motion in Limine directed at precluding the testimony of the Plaintiff's proposed witness, Ky Schieb. The Defendants assert that the Plaintiff never made Mr. Schieb available for a deposition despite numerous requests to do so. Moreover, despite his continuing duty to disclose, the Plaintiff never produced Mr. Schieb's correct address to the Defendants so that they could properly subpoena him for a deposition. Therefore, the Defendants now move to preclude Mr. Schieb from testifying at trial.

## II. **FACTS**

The Plaintiff, Sean A. Love, filed a Complaint, dated November 6, 2002, against the Defendants, the Town of Granby and Granby Police Officers Douglas Clark and Robert Castle. The Plaintiff subsequently filed an Amended Complaint, dated January 20, 2003, alleging numerous causes of action against the Town of Granby, Officer Clark and Officer Castle, including causes of action under 42 U.S.C. § 1983 for violations of his Fourth and Fourteenth Amendment Rights; false arrest; false imprisonment; sexual assault; and battery.

The Plaintiff's claims arise out of his arrest by Officer Clark and Officer Castle on November 11, 2000. Officer Clark stopped the Plaintiff's motor vehicle after noticing that the tail lamps were inoperable. After performing a search of the Plaintiff and the motor vehicle, Officer Clark arrested the Plaintiff and charged him with Possession of Alcohol by a Minor, General Statutes §30-89(b); and Failure to Have Tail Lamps, General Statutes §14-96c. He was also given a written warning for Failure to Have Tail Lamp, General Statutes §14-96c; and Possession of Alcohol by a Minor in a Motor Vehicle, General Statutes §14-111a.

Ky Schieb was a passenger in the Plaintiff's motor vehicle. He was also arrested and charged with selling alcohol to a minor and failure to return his suspended license.

2

Jury selection is scheduled to occur on July 13, 2004, and the trial is scheduled to begin on July 14, 2004. In his Trial Memorandum, dated July 6, 2004, the Plaintiff has indicated that he intends to call Mr. Schieb as a witness at trial.

## III. **LAW AND ARGUMENT**

"Pursuant to the Federal Rules of Civil Procedure, a party must disclose to other parties the identity of any person who may be used at trial to present evidence . . . ." (Internal quotation marks omitted.) Rule 26 (a) (1) (A) provides that a party must provide to other parties the name, address, and telephone number of any person likely to have discoverable information. See Fed. R. Civ. P. 26 (a) (1) (A). "Compliance with Rule 26 is necessary for the elimination of unfair surprise to the opposing party and the conservation of resources." (Internal quotation marks omitted). Hyun v. South Kent School, United States District Court, No. Civ.3:95CV2235 (AHN), 1997 WL 597122, *1 (D.Conn. 1997).

Rule 26 also provides that the disclosing party is "under a duty to supplement at appropriate intervals its disclosures . . . if the party learns that in some material respect the information disclosed is incomplete or incorrect." Fed. R. Civ. P. 26 (e) (1).

On January 30, 2003, the court, *Hall, J.*, entered the original scheduling order whereby depositions of fact witnesses were to be completed by November 1, 2003.

The scheduling order has been modified several times and the deadline for deposing fact witnesses was ultimately extended to March 31, 2004.

On June 20, 2003, via teleconference, Defense counsel requested that Plaintiff's counsel provide them with dates to depose Mr. Schieb. During that conversation, Plaintiff's counsel notified Defense counsel that he did not think that the Plaintiff provided the correct address for Mr. Schieb in his responses to the Interrogatories. Subsequently, on June 27, 2003, Plaintiff's counsel notified Defense counsel that he could not locate Mr. Schieb. See Exhibit A, Defense correspondence to Plaintiff's counsel, dated June 30, 2003. Plaintiff's counsel confirmed via teleconference on July 1, 2003, that he could not locate Mr. Schieb.

Through correspondence, Defense counsel again renewed the request for Mr. Schieb's address. See Exhibit B, Defense correspondence to Plaintiff's counsel, dated August 18, 2003; Exhibit C, Defense correspondence to Plaintiff's counsel, dated January 8, 2004. Despite these requests, the Plaintiff did not produce Mr. Schieb's address.

On March 31, 2004, Plaintiff's counsel notified Defense counsel that he had located Mr. Schieb and that he would make himself available for a deposition. As a result, Defense counsel filed a Request to Depose Witness Outside of the Scheduling

Order, dated April 21, 2004. In the Request, Defense counsel asked the court's permission to depose Mr. Schieb even though the deadline for deposing fact witnesses, March 31, 2004, had expired. The court, Burns, J., granted the Request on April 23, 2004. On May 4, 2004, Defense counsel again corresponded with Plaintiff's counsel, requesting Mr. Schieb's address. Plaintiff's counsel told Defense counsel that Mr. Schieb could be found at 140 Maple Street, Winsted, Connecticut. Defense counsel attempted to subpoena Mr. Schieb at that address, demanding that he make himself available for a deposition on May 18, 2004. Defense counsel was unable to serve the subpoena on Mr. Schieb and marked the deposition off. Plaintiff's counsel then told Defense counsel that Mr. Schieb was not at that address and that they would produce his correct address. The correct address was never produced and the Defendants have never had an opportunity to depose Mr. Schieb.

As stated previously, the Plaintiff has indicated that he intends to call Mr. Schieb as a witness at trial. The Plaintiff lists Mr. Schieb's address as 134 Maple Street, Winsted, Connecticut. The Trial Memorandum was the Defendants' first notice of this new address.

The Defendants submit that allowing the Plaintiff to call Mr. Schieb as a witness at trial will unfairly prejudice the defense. The Defendants have not had an opportunity

to depose Mr. Schieb and will be at an unfair disadvantage if the court allowed Mr. Schieb to testify. Moreover, the Plaintiff and his counsel have failed to comply with Rule 26, which requires them to disclose the complete and correct information regarding Mr. Schieb's identity, including his address. Therefore, the Plaintiff should be precluded from calling Mr. Schieb to testify as a witness at trial.

### IV.    <u>CONCLUSION</u>

Based on the foregoing, the Defendants, Town of Granby, Douglas Clark and Robert Castle, respectfully request that the court grant their Motion in Limine.

THE DEFENDANTS,
THE TOWN OF GRANBY, DOUGLAS CLARK
and ROBERT CASTLE

By: _____
JOSEPHINE A. SPINELLA
Silvester & Daly
72 Russ Street
Hartford, CT 06103
Tel. (860) 278-2650
Federal Bar No. CT24009