**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| SEAN A. LOVE | : | CASE NO. 302CV1960 (EBB) |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| TOWN OF GRANBY, DOUGLAS CLARK | : | |
| and ROBERT CASTLE | : | |
| Defendants | : | JULY 23, 2004 |

**DEFENDANTS' REPLY TO PLAINTIFF'S OBJECTION TO MOTION IN LIMINE**

**I.     INTRODUCTION**

The Defendants, Town of Granby, Douglas Clark and Robert Castle, hereby

submit this Reply to the Plaintiff's Objection to Defendants' Motion in Limine. The

Defendants filed a Motion in Limine and Memorandum of Law in Support of Motion in

Limine, dated July 14, 2004. The Motion in Limine was directed at precluding the

Plaintiff from calling Ky Schieb as a witness at trial. The Defendants submit that the

Plaintiff has never made Mr. Schieb available to them and that they have never had the

opportunity to depose Mr. Schieb.

In response, the Plaintiff filed an Objection to Defendants' Motion in Limine,

dated July 21, 2004. In the Objection, the Plaintiff argues that Mr. Schieb was made

available to the Defendants and was prepared to be deposed by defense counsel,

without being subpoenaed to do so.  See Plt. Opp. Mem., pg. 2, ¶ 4.  Additionally, the

Plaintiff asserts that he provided defense counsel with Mr. Schieb's statement; thus

defense counsel will not be surprised by the contents of Mr. Schieb's testimony.  See

Plt. Opp. Mem., pg. 2, ¶ 5.

## II.    LAW AND ARGUMENT

### A.    The Plaintiff had a duty to disclose the address of Mr. Schieb

As the Defendants argue in their Memorandum of Law in Support of Motion in

Limine, the Plaintiff has a continuing duty to disclose "the identity of any person who

may be used at trial to present evidence . . . ."  (Internal quotation marks omitted.)  Hyun

v. South Kent School, United States District Court, No. Civ.3:95CV2235 (AHN), 1997

WL 597122, *1 (D.Conn. 1997); see also Fed. R. Civ. P. 26 (a) (2) (A).

The Plaintiff's counsel mistakenly argues that he disclosed the correct address of

Mr. Schieb to Attorney Szilagyi's assistant, Sheri Pardus.  Attorney Barrante avers that

he informed Ms. Pardus of Mr. Schieb's new address after Mr. Schieb's deposition was

cancelled.  See Plt. Ex. B, Affidavit of William Barrante, ¶ 15.  As Ms. Pardus avers,

however, Attorney Barrante never informed her of Mr. Schieb's correct address.  On or

about May 18, 2004, Ms. Pardus informed Attorney Barrante that the deposition of Mr.

Schieb would not be going forward.  At that time, Attorney Barrante told Ms. Pardus that

he gave her the wrong address for Mr. Schieb and that he would contact her with the correct address.  The correct address was never provided to Defense counsel.  See Exhibit 1, Affidavit of Sheri L. Pardus, dated July 23, 2004.

In failing to provide the Defendants with the correct address of Mr. Schieb, Plaintiff's counsel has violated Federal Rule of Civil Procedure 26.  As such, the Defendants submit that the Plaintiff should be precluded from calling Mr. Schieb as a witness at trial.

### B.    The Plaintiff's reliance on Mr. Schieb's statement is misplaced

The Plaintiff argues that the Defendants will not be "surprised" by the testimony of Mr. Schieb because Mr. Schieb's statement was produced to the Defendants.  The Defendants do not dispute that the Plaintiff provided the Defendants' counsel with a copy of Mr. Schieb's statement after the Defendants' counsel requested a copy of the statement.  The Defendants, however, submit that the Plaintiff's reliance of the statement is misplaced.  The statement of Mr. Schieb is unsworn and unsigned.  See Plt. Ex. A, pg. 11.  Moreover, the statement has not been subscribed as true under the penalty of perjury.  Additionally, there is no assertion that the statement is based on personal knowledge.  As such, the statement is unreliable.  The Defendants, therefore,

SILVESTER & DALY
72 RUSS STREET • HARTFORD, CONNECTICUT 06106 • (860) 278-2650 • FAX (860) 727-9243

cannot reasonably rely on the statement as indicating what Mr. Schieb will testify to at trial.

## III.    **CONCLUSION**

For the foregoing reasons, as well as the reasons set forth in the Motion in Limine and Memorandum of Law, the Defendants submit that the court should grant their Motion in Limine.

THE DEFENDANTS,
TOWN OF GRANBY, DOUGLAS CLARK
and ROBERT CASTLE

By: _____
JOSEPHINE A. SPINELLA
Silvester & Daly
72 Russ Street
Hartford, CT 06103
Tel. (860) 278-2650
Federal Bar No. CT24009

## CERTIFICATION

I, Josephine A. Spinella, attorney for the Defendants, hereby certify that a copy of the foregoing has been mailed, postage prepaid, in the United States Mail, this 23rd day of July, 2004 to:

Patsy M. Renzullo, Esq.
65 Elm Street
P.O. Box 718
Winsted, CT 06098

By: _____
JOSEPHINE A. SPINELLA
Silvester & Daly

nai-love/reply to obj mot limine.072204

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

SEAN A. LOVE                                   :          CASE NO. 302CV1960 (EBB)
         Plaintiff                      :
                              :
v.                                                      :
                              :
TOWN OF GRANBY, DOUGLAS CLARK and  :
ROBERT CASTLE                              :
         Defendants              :          JULY 23, 2004

### <u>AFFIDAVIT OF SHERI L. PARDUS</u>

I, Sheri L. Pardus, the undersigned, being duly sworn, state:

1.     That I am over the age of eighteen (18) and believe in and understand the obligations of an oath;

2.     That I am the assistant to Frank J. Szilagyi and Josephine A. Spinella, counsel for the Defendants, Town of Granby, Douglas Clark and Robert Castle;

3.     That the Plaintiff's counsel, William Barrante and I have spoken several times regarding the deposition of Ky Schieb;

4.     That on May 7, 2004, Attorney Barrante informed me that Ky Schieb was staying with some friends at 140 Maple Street, Winsted, Connecticut 06098;

5.     That on or about May 18, 2004, I spoke with Attorney Barrante to inform him that Ky Schieb's deposition would not be going forward because the marshal had been unable to make service of the subpoena prepared;

6.     That while speaking with Attorney Barrante on or about May 7, 2004, Attorney Barrante said that he may have given me the wrong address for Ky Schieb and that perhaps he was off by a few street numbers;

7.     That Attorney Barrante told me that he would double check the address and let me know if address was, in fact, accurate;

8.     That Attorney Barrante never contacted me after this conversation and never notified me of another address for Ky Schieb.

THE AFFIANT,

SHERI L. RARDUS

Subscribed and sworn to before me on this 23rd day of July, 2004.

FRANK J. SZILAGY
Commissioner of the Superior Court