UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
Jul 28  2 38 PM '04

U.S.
NEW HAVEN

| | | |
|---|---|---|
| SEAN A. LOVE | : | NO. 302CV1960 (EBB) |
| Plaintiff | | |
| VS. | : | |
| TOWN OF GRANBY, ET AL. | | |
| Defendants | : | JULY 27, 2004 |

### REQUEST FOR LEAVE TO SUBMIT ADDITIONAL REQUESTS TO CHARGE

The plaintiff, within the perimeters of Rule 51(a), Federal Rules of Civil Procedure, requests leave to present the following Requests to Charge (regarding jury instructions) in addition to those presented in the Plaintiff's Trial Memorandum.

(1)   DEFENDANTS TAKE PLAINTIFF AS THEY FIND HIM

If the jury finds that the conduct of defendant Clark or defendant Castle was wrongful, and that this wrongful conduct caused plaintiff's injuries, it does not matter that defendants did not foresee that their conduct might cause plaintiff to have memories of sexual assaults by his natural father. "The defendants took [him] as they found [him]." Thompson v. Lupone, 135 Conn. 236, 239, 62 A.2d 861 (1948), cited by Wright, Fitzgerald & Ankerman, Connecticut Law of Torts (3d Ed., 1991), §171, p. 485.

(2)   COMPENSATORY DAMAGES

I have said that, if you find for the plaintiff, you must award him such sum of money as you believe will fairly and justly compensate him for any injury you find by a preponderance of the evidence that he actually sustained as a direct result of the conduct of the defendants.

Among the elements of injury and harm which you may consider are:

First, any physical harm to the plaintiff, including any ill health, physical pain, disability, discomfort, or suffering that you find the plaintiff suffered as a result of defendants' unconstitutional conduct.

Second, any emotional harm to the plaintiff, including any emotional distress or pain, humiliation, personal indignity, embarrassment, fear, anxiety, or anguish which the plaintiff has suffered as a result of defendants' conduct. This also includes any future emotional harm that the plaintiff will suffer; and

Third, any reasonable expense incurred for medical or psychological treatment and services required and received by the plaintiff in connection with his injuries and any such expense that you find will be incurred in the future.

You should base your determination on the evidence in the case and any reasonable inferences you choose to draw from the evidence you should not speculate or guess.

2

### (3)   JOINT LIABILITY

Remember that in this case you are considering the plaintiff's claim against each of the defendants. You must consider the case against each defendant separately. The actions are being tired together simply for convenience, and to save the expense of additional trials in which the evidence and witnesses would be much the same.

You must decide the case against each defendant separately, and must not let your decisions on claims against one defendant affect your decisions concerning the other. While the evidence may in whole or in part be considered by you to be relevant and material to the questions of more than one defendant's liability, you must decide each claim of liability separately based on the evidence.

In this regard, you must remember that a police officer can be found liable for a violation of a constitutional right only if you find that the officer has been identified as personally violating a constitutional right of the plaintiff.

However, if you find that two or more defendants united in an act which constituted a wrong to the plaintiff, intending at the time to commit it, or in doing it under circumstances which fairly charge them with intending the wrongful consequences that follow, the defendants incur a joint and several liability for the acts of each. In other words, each person who actively participates in a constitutional violation, by cooperation or request, or who lends aid to the wrongdoer, or adopts his acts, is equally liable with the wrongdoer. Specific agreement among the defendants is not necessary. All that is required is that there should be a common design or understanding, even though it be a tactic one.

3

Now, I also instruct you that, under the law, if one police officer violates the constitutional rights of a person and a second police officer in any fashion participates or assists in the conduct that constitutes the violation, both officers are equally liable for the violation. Such participation or assistance includes the failure to intervene to prevent the offending officer from violating the person's rights. In other words, a police officer has a duty to intervene to prevent the violation of a person's rights if the officer knows of a specific or obvious violation. The officer failing to intervene, however, must have a realistic opportunity to prevent the violation before you may hold him responsible for his failure to intervene.

Thus, if you conclude that one of the defendants unlawfully injured the plaintiff by violating one or more of his constitutional rights and you also find that another defendant participated or assisted in the conduct or failed to intervene to prevent known or obvious conduct, having a realistic opportunity to do so, then you must find that the other defendant also violated the plaintiff's constitutional rights. See Jury Charge by Fitzsimmons, M.J., in Graham v. Levester, Civ. No. 3:93 CV1683 (HBF) (D.Conn., Jan.11, 2002), pp. 45-47.

PLAINTIFF

By _____
Patsy M. Renzullo
65 Elm Street, P.O. Box 718
Winsted, CT  06098
860-379-9885
Fed. Bar No.  CT 11058

4

## CERTIFICATION

I hereby certify that on July 27, 2004, a copy of the foregoing was mailed to defendant's counsel:

Attorney Frank Szilagyi
Sylvester & Daly
72 Russ Street
Hartford, CT  06106

Patsy M. Renzullo
Attorney for Plaintiff