**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| SEAN A. LOVE | : | CASE NO. 302CV1960 (EBB) |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| TOWN OF GRANBY, DOUGLAS CLARK and | : | |
| ROBERT CASTLE | : | |
| Defendants | : | JULY 28, 2004 |

## OBJECTION TO MOTION FOR TESTIMONIAL USE OF DEPOSITION

The Defendants, Town of Granby, Douglas Clark and Robert Castle, hereby

submit this Objection to Plaintiff's Motion for Testimonial Use of Deposition in which the

Plaintiff, Sean A. Love, seeks to introduce the deposition transcript of Jamie Leifert

because she is allegedly unavailable.  The Defendants object to the Plaintiff's Motion

because the Plaintiff fails to demonstrate that Ms. Leifert is unavailable.  The

Defendants also submit that the entire deposition transcript should not be introduced

because counsel had a different motive at the deposition than he would have had if he

had known that the deposition was for trial purposes.  If the court rules, however, that

the deposition transcript is admissible, the Defendants request that portions of the

transcript that are objectionable are kept from the jury.

I.    **FACTS**

The Plaintiff, Sean A. Love, filed a Complaint, dated November 6, 2002, against the Defendants, the Town of Granby and Granby Police Officers Douglas Clark and Robert Castle.  The Plaintiff subsequently filed an Amended Complaint, dated January 20, 2003, alleging numerous causes of action against the Town of Granby, Officer Clark and Officer Castle, including causes of action under 42 U.S.C. § 1983 for violations of his Fourth and Fourteenth Amendment Rights; false arrest; false imprisonment; sexual assault; and battery.

The Plaintiff's claims arise out of his arrest by Officer Clark and Officer Castle on November 11, 2000.  Officer Clark stopped the Plaintiff's motor vehicle after noticing that the tail lamps were inoperable.  After performing a search of the Plaintiff and the motor vehicle, Officer Clark arrested the Plaintiff and charged  him with Possession of Alcohol by a Minor, General Statutes §30-89(b); and Failure to Have Tail Lamps, General Statutes §14-96c.  He was also given a written warning for Failure to Have Tail Lamp, General Statutes §14-96c; and Possession of Alcohol by a Minor in a Motor Vehicle, General Statutes §14-111a.

Jamie Leifert was a passenger in the Plaintiff's motor vehicle.  Defense counsel deposed her for discovery purposes on July 31, 2003.

Jury selection occurred on July 13, 2004, and the trial is scheduled to begin on July 14, 2004.  In his Trial Memorandum, dated July 6, 2004, the Plaintiff indicated that he intends to call Leifert as a witness at trial and listed her as residing in Winsted, Connecticut.

The Plaintiff now claims that Leifert has moved to the state of New York.  See Plt. Mot. for Testimonial Use of Deposition, ¶ 2.  The Plaintiff claims that he was unable to serve a subpoena on her because she lives outside of the state.  Therefore, the Plaintiff argues, she is unavailable as a witness and her deposition transcript should be admitted as evidence at trial.

## II.     LAW AND ARGUMENT

The Plaintiff moves, pursuant to Federal Rule of Civil Procedure 32 (a) (3) (D), to have the deposition of Leifert admitted into evidence.  Federal Rule 32 (a) (3) (D) provides in relevant part that "the deposition of a witness . . . may be used for any purpose if the court finds: . . . (D) that the party offering the deposition has been unable to procure the attendance of the witness by subpoena . . . . " Fed. R. Civ. P. 32 (a) (3) (D).

Federal Rule of Civil Procedure 45 governs the subpoena procedure.  Federal Rule 45 (b) (2) provides that "a subpoena may be served at any place within the district

of the court by which it is issued, or at any place without the district that is within 100

miles of the place of the . . . trial." Fed. R. Civ. P. 45 (b) (2). The 100-mile provision

"modestly expands the reach of civil trial subpoenas, thus promoting the favored policy

of affording the trier an opportunity to hear witnesses in person." SCM Corporation v.

Xerox Corporation, 76 F.R.D. 214, 215 (D. Conn. 1977).

The Plaintiff argues that the deposition transcript of Leifert should be introduced

at trial because Leifert is unavailable. The Plaintiff states that the Constable was unable

to serve Leifert at her address in Winsted. Connecticut and was told by her parents that

she was now living in the state of New York. While the Plaintiff may have demonstrated

that Leifert in not currently residing in Connecticut, the Plaintiff has failed to demonstrate

that she lives outside of the 100-mile radius provided for in Federal Rule 45. Therefore,

the Plaintiff cannot demonstrate that Leifert is unavailable to testify at trial.

Additionally, the Plaintiff fails to address the evidentiary concerns set forth in

Federal Rule of Evidence 804. Rule 804 (a) (5) states that a witness is unavailable

where the "proponent of a statement has been unable to procure the declarant's

attendance by process." Fed. R. Evid. 804 (a) (5). If a declarant is unavailable under as

a witness, the declarant's former testimony may be introduced "if the party against

whom the testimony is now offered . . . had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination."  Fed. R. Evid. 804 (b) (1).

Under both Federal Rule of Civil Procedure 32 and Federal Rule of Evidence 804, "the admission of deposition testimony lies in the sound discretion of the trial court."  Polozie v. U.S., 835 F. Supp. 68, 71 (D. Conn. 1993).  "The admissibility of the former testimony turns on the issue of whether a 'similar motive' existed at the taking of the deposition as would exist at trial."  Id.  The Second Circuit has adopted a standard for examining whether a similar motive existed at trial.  "The text of the 'similar motive' requirement of rule 804 (b) (1) inherently requires a comparison between what the examiner's motive was at the time of the prior testimony and what it would be if the witness was actually 'available' at the current proceeding.  United States v. Salerno, 974 F.2d 231 (2d Cir.1992)."  Id. at 72.

In this instance, Attorney Szilagyi deposed Leifert on July 31, 2003.  At that time, there was no indication that Leifert would be unavailable at trial.  As such, the deposition was taken for discovery purposes only.  The transcript contains hearsay responses from Leifert and questions that Attorney Szilagyi would not have posed had he been cross-examining her at trial.  Attorney Szilagyi therefore would have a different motive at trial, assuming Leifert was available.  Therefore, under Rule 804 and the

similar motive rule, the entire deposition testimony of Leifert should not be admissible. The Defendants request that portions of the deposition transcript that are objectionable be kept from the jury.

### III. <u>CONCLUSION</u>

The Defendants request that the court deny the Plaintiff's Motion to introduce Leifert's deposition transcript. In the alternative, should the court grant the Plaintiff's Motion, the Defendants request that objectionable portions of the transcript which contain, <u>inter</u> <u>alia</u> hearsay be kept from the jury.

THE DEFENDANTS,
TOWN OF GRANBY, DOUGLAS CLARK
and ROBERT CASTLE


By:_____
JOSEPHINE A. SPINELLA
Silvester & Daly
72 Russ Street
Hartford, CT 06103
Tel. (860) 278-2650
Federal Bar No. CT24009

6

## **CERTIFICATION**

I, Josephine A. Spinella, attorney for the Defendants, hereby certify that a copy of the foregoing has been mailed, postage prepaid, in the United States Mail, this 28th day of July, 2004 to:

Patsy M. Renzullo, Esq.
65 Elm Street
P.O. Box 718
Winsted, CT 06098

By:_____
     JOSEPHINE A. SPINELLA
     Silvester & Daly

nai-love/obj. to mot depo.072804