**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| SEAN A. LOVE | : | CASE NO. 302CV1960 (EBB) |
|     Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| TOWN OF GRANBY, DOUGLAS CLARK | : | |
| and ROBERT CASTLE | : | |
|     Defendants | : | OCTOBER 4, 2004 |

## MEMORANDUM IN SUPPPORT OF AMENDED MOTION FOR ATTORNEYS' FEES

Pursuant to Federal Rule of Civil Procedure 54 (d), the Defendants, Town of Granby [hereinafter "Town"], Douglas Clark and Robert Castle hereby submit this Motion for Attorneys' Fees. In support of this Motion, the Defendants submit that they are the prevailing parties and that they are entitled to attorneys' fees pursuant to 42 U.S.C. § 1988.

### I. FACTS

The Plaintiff filed the original Complaint, dated November 6, 2002, and the Amended Complaint, dated January 20, 2003. In the original Complaint and the Amended Complaint, the Plaintiff claimed that the Defendants violated his Fourth Amendment and Fourteenth Amendment rights by falsely arresting him and sexually

assaulting him. The Plaintiff brought his claims under 42 U.S.C. § 1983. The Plaintiff also claimed that, pursuant to 42 U.S.C. § 1988, he was entitled to attorneys' fees.

The Defendants submitted a Motion for Summary Judgment, dated May 12, 2004, directed at all claims brought by the Plaintiff. In response, the Plaintiff filed an Opposition Memorandum. On July 28, 2004, the court, *Burns, J.*, ruled that all the Defendants were entitled to judgment in their favor on the Plaintiff's claim of false arrest. Additionally, the Town was entitled to summary judgment on the Plaintiff's claims. This matter, with its remaining claims, was tried by a jury and, on August 6, 2004, the jury rendered a verdict in favor of the Defendant, Douglas Clark. On August 5, 2004, the court, *Burns, J.*, granted the Defendants' Rule 50 Motion for Judgment as a Matter of Law regarding the Defendant, Robert Castle, after the Plaintiff rested his case in chief.

## II.  **LAW AND ARGUMENT**

### A.  **Legal Standard for Motion for Attorneys' Fees**

"[T]he court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C. § 1988 (b). "If a plaintiff prevails, then attorneys' fees are ordinarily allowed the plaintiff unless special circumstances would render such an award unjust . . . . A different standard applies when a defendant prevails, for there attorneys' fees may be awarded only if the court finds that the

plaintiff's claim was 'frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.' " (Citations omitted; internal quotation marks omitted.) Oliveri v. Thompson 803 F.2d 1265, 1272 (2d Cir. 1986).

In Hughes v. Rowe, 449 U.S. 5, 14, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980), the United States Supreme Court adopted the standard for attorney's fees in Title VII claims and applied the standard to claims brought under 42 U.S.C. § 1983. The court stated "[i]n Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 98 S. Ct. 694, 54 L. Ed. 2d 648 (1978), we held that the defendant in an action brought under Title VII of the Civil Rights Act of 1964 may recover attorney's fees from the plaintiff only if the District Court finds that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith . . . . Although arguably a different standard might be applied in a civil rights action under 42 U.S.C. § 1983, we can perceive no reason for applying a less stringent standard. The plaintiff's action must be meritless in the sense that it is groundless or without foundation." (Citations omitted; internal quotation marks omitted.) Hughes, 449 U.S. at 14.

"Application of this standard is entrusted to the discretion of the district court, and its decision will be reversed only when that discretion is abused." Parker v. Sony Pictures Entertainment, Inc., 260 F.3d 100, 111 (2d Cir. 2001). "Although the district

court must factor into its decision the procedural history of the case, considering whether or not the case survived motions for summary judgment and motions for a directed verdict, such inquiry is not dispositive of a motion for attorneys' fees." Piurkowski v. Goggin, United States District Court, No. Civ. A. 301CV 302SRU (D.Conn. July 6, 2004, *Underhill, J*).

> **B.   As the prevailing parties, the Defendants are entitled to attorneys' fees because the Plaintiff's claims were frivolous, unreasonable and groundless**

1.   Town of Granby

In this instance, the Plaintiff's claims against the Defendants were frivolous, unreasonable, or groundless. With regard to the Town, the court granted summary judgment in favor of the Town on the Plaintiff's Monell claim. In its ruling, the court stated that "Plaintiff has not provided any evidence that any prior citizen complaint against Officer Clark rose to the level of a constitutional violation." See Recommended Ruling on Summary Judgment, dated July 12, 2004, *Fitzsimmons, Mag.*, pg. 14. Additionally, the court stated that "a reasonable juror could not conclude that the Town had a history of ratifying unconstitutional conduct by Officer Clark, or that Officer Clark had previously engaged in unconstitutional conduct while stopping motorists, let alone

the type of conduct alleged in this case." See Recommended Ruling on Summary Judgment, dated July 12, 2004, *Fitzsimmons, Mag*, pg. 15.

The Plaintiff should have known that no evidence existed demonstrating that the Town had a policy of allowing police officers to sexually assault citizens under arrest. Indeed, the Plaintiff was obligated to make a reasonable inquiry regarding the facts. Had such an inquiry been made, the Plaintiff would have concluded, from the outset, that no claim existed against the Town. The Plaintiff's attorney deposed Chief Watkins, Officer Clark and Officer Castle as well as the Town Manager, William Smith, Jr. None of these witnesses provided any evidence that the Town had a policy of ratifying such behavior. Additionally, none of the Plaintiff's witnesses, including the Plaintiff, testified at their depositions that the Town had a policy of ratifying such behavior. Moreover, the Plaintiff's attorney requested numerous documents from the Town through written discovery and none of the documents produced by the Town demonstrated that the Town had a policy of ratifying such behavior.

Thus, in light of the Plaintiff's lack of evidence against the Town, the Plaintiff's claims against the Town were clearly unreasonable, frivolous and groundless. As such, the Defendant, Town, is entitled to attorneys' fees on the Plaintiff's claims against it.

2.  Officer Castle

The Plaintiff failed to allege in the operative Complaint that Officer Castle was involved in the deprivation of his constitutional rights. While the Plaintiff alleged that Officer Castle was present when he was arrested, the Plaintiff made no specific allegations against Officer Castle whereby Officer Castle said or did something that violated the Plaintiff's constitutional rights.

In contradiction to the allegations in the Complaint, however, the Plaintiff averred in his affidavit in support of his Opposition to Motion for Summary Judgment that Officer Castle "opened the desk drawer and said he was looking for a wig to put on me because 'Bubba' liked it when you wore a wig." Plt. Mem. Opp. Summary Judgment, Exhibit A, Affidavit of Sean A. Love, dated May 27, 2004, ¶ 23. This averment was the only evidence that the Plaintiff offered against Officer Castle. Comparatively, in the Amended Complaint, the Plaintiff alleged that "defendant Clark threatened to put a wig on the plaintiff and place him in a cell with 'Bubba' . . . ." Amended Complaint, ¶ 17. Additionally, in his testimony at trial, the Plaintiff testified that Officer Clark, not Officer Castle, talked to him about "Bubba" and threatened to put a wig on him. Thus, the Plaintiff's own testimony contradicted his affidavit.

Through the Plaintiff's own testimony, therefore, it was clear that the Plaintiff had no evidence that Officer Castle deprived him of his constitutional rights. As a result, after the Plaintiff rested, the Defendants moved for a Rule 50 Motion, requesting that the court dismiss the claims against Officer Castle. The Defendants argued that the Plaintiff had failed to carry his burden of proof against Officer Castle. In agreement with the Defendants' argument, Judge Burns granted the Defendants' Rule 50 Motion from the bench. The court's granting of the Motion indicates that there was no evidence against Officer Castle. In light of failing to produce any evidence against Officer Castle, the Plaintiff's claims against Officer Castle were unreasonable, frivolous and groundless. The Defendants are entitled to attorneys' fees.

3.   Officer Clark

The Plaintiff alleged that, while he was under arrest, Officer Clark sexually assaulted him when he was performing a pat down. As stated above, the Plaintiff also alleged that Officer Clark threatened him by telling him he was going to put a wig on him and have him raped by "Bubba". These allegations formed that basis of the Plaintiff's excessive or unreasonable force claim brought against the Defendants. Since words alone do not rise to the level of excessive force or a § 1983 violation; see Keyes v. City

of Albany, 594 F. Supp. 1147, 1155 (D.C.N.Y. 1984); the Plaintiff had to prove that Officer Clark sexually assaulted him during the pat down.

The only evidence that was introduced throughout the trial that supported the Plaintiff's allegations of assault against Officer Clark came from the Plaintiff's own testimony. The Plaintiff's testimony, however, is at best unreliable. The Plaintiff stated at both at his deposition and at trial that he did not know the difference between his dreams and reality, especially in connection with his arrest on November 11, 2000. Moreover, the Defendants' expert, Walter Borden, M.D., testified that the Plaintiff had difficulty differentiating between dreams and reality and confused what his father did to him, mainly sexually abused him, with his encounter with Officer Clark.

Jamie Leifert, Amy Balfour and Ky Schieb were all present during the Plaintiff's arrest and all testified at trial. None of the Plaintiff's witnesses testified that they saw Officer Clark assault the Plaintiff and they could not corroborate the Plaintiff's allegation that Officer Clark used excessive force against the Plaintiff. Moreover, each witness testified that the Plaintiff never sought medical treatment for his alleged injuries from the assault. Each witness also testified that neither they nor the Plaintiff ever made a complaint to the Granby Police Department regarding the Plaintiff's assault by Officer Clark. Rather, the Plaintiff's mother, Debbie Bishop, testified that she did not file a

complaint with the Granby Police Department or Chief Watkins because there was no need to do so.

Not only did the Plaintiff fail to carry his burden of proof on his claim of excessive force against Officer Clark but he failed to offer any credible or reliable evidence against Officer Clark. Throughout the discovery process and the trial, the Plaintiff was unable to produce any evidence that Officer Clark used excessive force against him. The Plaintiff's claims against Officer Clark were unreasonable, frivolous and groundless. The Defendants, therefore, are entitled to attorneys' fees which were incurred as a result of defending Officer Clark against the Plaintiff's claims.

### C.  Amount of Attorneys' Fees

Silvester and Daly's billable rate for this matter was $135.00 per hour. This matter was handled by Attorneys Frank J. Szilagyi, Josephine A. Spinella and William M. Tierney. Each attorney was billed out at the same hourly rate. Attorney Szilagyi, who was the supervising attorney, has fourteen (14) years of legal experience. Attorney Spinella has two (2) years of legal experience and Attorney Tierney has one (1) year of legal experience. See Exhibit A, Affidavit of Frank J. Szilagyi.

As Attorney James Tallberg and Attorney David Curry aver, Silvester and Daly's billable rate for this matter was reasonable. See Exhibit B, Affidavit of James Tallberg;

Exhibit C, Affidavit of David Curry. Furthermore, as demonstrated in the attached affidavits, these rates are in line with the prevailing rates in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. See Blum v. Stenson, 465 U.S. 886, 896, n.11, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984).

The amount of attorneys' fees incurred from November 6, 2002 (date of Complaint) through July 28, 2004 (date court entered judgment in favor of Town on Motion for Summary Judgment) is $50,950.50.

The amount of attorneys' fees incurred from July 29, 2004 through August 5, 2004 (date court granted Rule 56 Motion in favor of Sergeant Castle) is $9,207.00.

The amount of attorneys' fees incurred from August 6, 2004 through August 13, 2004 is $3,091.50

The total amount of attorneys' fees incurred from November 6, 2002 through August 13, 2004 is $63,249.00. See Exhibit D, Bills from Silvester & Daly.

## III.   **CONCLUSION**

For the foregoing reasons, the Defendants, Town of Granby, Officer Douglas Clark and Officer Robert Castle, respectfully request that the court grant them attorneys' fees.

THE DEFENDANTS,
TOWN OF GRANBY, DOUGLAS CLARK
and ROBERT CASTLE

By: /s/ Josephine A. Spinella
JOSEPHINE A. SPINELLA
Silvester & Daly
72 Russ Street
Hartford, CT 06103
Tel. (860) 278-2650
Federal Bar No. CT24009

## **CERTIFICATION**

I, Josephine A. Spinella, attorney for the Defendants, hereby certify that a copy of the foregoing has been mailed, postage prepaid, in the United States Mail, this 4th day of October, 2004 to:

Patsy M. Renzullo, Esq.
65 Elm Street
P.O. Box 718
Winsted, CT 06098

By: /s/ Josephine A. Spinella
JOSEPHINE A. SPINELLA
Silvester & Daly

nai-love/memo amended mot. atty. fees.92204